# ALEXANDER E. EISEMANN

ATTORNEY AT LAW

20 VESEY STREET, SUITE 400         282 KATONAH AVENUE, SUITE 244
NEW YORK, NEW YORK 10007           KATONAH, NEW YORK 10536

TEL: (212) 420-8300
FAX: (212) 420-8338
*aee@eislaw.com*


February 10, 2016


**VIA ECF**

Hon. Loretta A. Preska
Chief United States District Judge
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007-1312

    Re:   Securities and Exchange Commission v. Stewart, et al.,
                     98 Civ. 2636 (LAP)

           Gottlieb v. Securities and Exchange Commission, et al.,
                     15 Civ. 9568 (LAP)

Dear Chief Judge Preska:

      I write in advance of today's telephone conference in the above-entitled cases to discuss some documents I am filing simultaneously with this letter on behalf of my client, Phyllis Gottlieb, to preview a few arguments that will be embodied in a memorandum of law Mrs. Gottlieb will be filing tomorrow and to discuss the timing of the submission of the other motions noted in the SEC's letter dated February 1, 2016, and your Honor's orders dated February 9, 2016.

      Mrs. Gottlieb is, today, filing a notice withdrawing the funds-release motion in docket number 15 Civ. 9568 (LAP). The reasons are discussed in an amended declaration by Mrs. Gottlieb that I anticipate filing before today's telephone conference and which will be discussed further in the forthcoming memorandum of law.  Briefly, however, the restraining notice at issue here was issued in docket number 98 Civ. 2636.  Mrs. Gottlieb had argued in her parallel Florida action that any

litigation concerning the restrained funds should take place in Florida and, accordingly, filed a motion to release funds there. The SEC opposed that motion, inter alia, arguing that the funds-release motion could not legally be made in the Florida action and could be made only in docket number 98 Civ. 2636.

The transfer of the Florida action to this district occurred before the motion to release funds was decided and it also mooted the argument that the turnover litigation should take place in Florida.  Given that, and to eliminate any needless disputes about whether the motion can properly be brought in the transferred Florida action as well, Mrs. Gottlieb is agreeing with the SEC now that the motion properly lies only in docket number 98 Civ. 2636.  Accordingly, she is withdrawing it in docket number 15 Civ. 9568.

She is also filing a motion asking your Honor to vacate yesterday's decision granting her motion to intervene.  The reasons are similarly described in Mrs. Gottlieb's amended declaration and in the forthcoming memorandum of law but, essentially, it turns out the motion was unnecessary because being named as an "interested person" already provided standing for Mrs. Gottlieb to file the pending motion to release funds. See Cruz v. TD Bank, 22 N.Y.3d 61, 979 N.Y.S.2d 257, 261 (2013); Viggiano v. Viggiano,  136 A.D.2d 630, 523 N.Y.S.2d 874 (2d Dep't 1988).  Mrs. Gottlieb had not yet fully submitted the papers to support her motion to intervene before your Honor granted that aspect of her notice of motion yesterday.  She intended to withdraw it tomorrow when she filed all the documents discussed in this letter.  Since it has already been granted now, she respectfully requests that the order granting it be vacated and that she be permitted to withdraw that application.  As noted below, Mrs. Gottlieb is being haled into court in the turnover litigation and does not want to appear any more expansively than the law requires for her to protect her interest in the restrained funds, making her application to remain as an "interested person" appropriate.

To the extent the parties will be discussing the merits of the SEC's anticipated motion for sanctions based on Mrs. Gottlieb's failure to appear in Miami for her January 20 deposition, I am filing separately today, under seal, a letter from her son's doctor in Brazil, which provides further support for the assertions I made on Mrs. Gottlieb's behalf in the letter motion addressing the Miami deposition about her son's medical condition and the extremely serious problems that would occur if she had to travel to Miami without him.  In her own amended

Hon. Loretta A. Preska
February 10, 2016
Page 3


declaration, Mrs. Gottlieb provides first-hand, sworn, facts about how difficult it was for the family to travel with their son to Brazil, which would need to be repeated again if and when she is required to travel with him over the same route back to Miami.  Thus, in her declaration, she explains:

> The trip here was a nightmare for my son, Jesse. It took us two days and two overnight stays to make connections with three airplanes to get to Florinapolis, the town in Brazil where we are living at the moment.  Jesse wasn't able to cope with the disruption and problems we encountered during the long trip here.  The flights were far too long and tedious for him to handle and he had to endure long waits at airports without any sleep and then had to sleep in strange beds in hotels.  He broke down in tears several times during the trip and it broke my heart watching him go through this.

Amended Declaration of Phyllis J. Gottlieb, executed February 10, 2016, ¶ 40.

I also briefly note here the principal arguments in favor of releasing half the funds, which will be set forth more fully in the forthcoming memorandum of law.  As Mrs. Gottlieb asserts, and now corroborates with exhibits to her amended declaration, the funds at issue were derived from the sale of homes that had been purchased by her and her husband during their marriage.  Under Florida law, they owned those properties as "tenants in the entireties," and they were and still are part of the marital estate.  See Fla. Stat. Ann. § 61.075(6)(a)(2) (West 2015).  It is well settled in Florida that a judgment against one spouse is not enforceable against property owned by the entirety. See Winters v. Parks, 91 So.2d 649 (Fla. 1956); Hunt v. Covington, 200 So. 76 (Fla. 1941); Hart v. Atwood, 119 So. 116 (Fla. 1928); Ohio Butterine Co. v. Hargrave, 84 So. 376 (Fla. 1920).  In other words, a creditor with a judgment against one spouse cannot satisfy a judgment with any portion of property jointly owned by both spouses.

Therefore, even putting aside the broad Florida Homestead Exemption in that state's constitution, which will be discussed in the memorandum of law, the SEC will never, I respectfully submit, be able to obtain turnover of any of the funds because they were owned by both Gottliebs as tenants in the entireties.  Even if it prevailed in its argument that Mrs. Gottlieb acted as Mr. Gottlieb's alter ego--an assertion that she

Hon. Loretta A. Preska
February 10, 2016
Page 4

flatly denies--the best it could hope to achieve is a turnover of half the funds. To do that will still require it to overcome daunting obstacles; it will have to proffer facts that counter the explicit and corroborated facts that Mrs. Gottlieb owned this property outright by virtue of quitclaims of predecessor properties, which themselves occurred four years prior to the commencement of the action underlying the judgment.

      Despite the issues that arose about Mrs. Gottlieb traveling to Miami to be deposed, I hope that your Honor will bear in mind that she is the innocent spouse of an individual with whom the SEC has its real issues. She is in her sixties, trying to cope with a profoundly disabled adult child, now virtually penniless and forced to relocate with her entirely family temporarily to South America because funds that are rightly hers have been unlawfully restrained through the expediency of the SEC making sweeping, unsupported and legally insignificant assertions that she is the "alter ego" of her husband.

      In considering how to proceed with regard to her inability to get to Miami last month, I respectfully ask your Honor to consider that the SEC is unlikely to get past a plenary motion to vacate the pending restraint notice no matter what facts it is able to generate during discovery, including a deposition of her. That is because nothing will trump the fact that Mrs. Gottlieb is fully entitled to half the restrained funds as part of her marital estate and, even further, all of them, because of the above authority in Florida preventing creditors of one spouse from attaching property owned jointly by both spouses.

      Finally, I am required to complete discovery in another civil matter before Magistrate Judge Ellis by March 1, and my time between now and then will be devoted almost exclusively to depositions in that matter. I will then be on vacation from the evening of March 1 (the last day of discovery) through March 7. In light of that, and my hope that the motion to release funds might be decided before there is more substantive work that I might be required to perform on this matter, I respectfully request that Mrs. Gottlieb's submissions with respect to any motion for Rule 37 sanctions and her reply to the pending motion to amend her complaint in the transferred Florida action be due only on or after March 14.

Hon. Loretta A. Preska
February 10, 2016
Page 5

      I thank your Honor for reviewing this letter and considering this last application.

      Respectfully submitted,

      Alexander E. Eisemann

cc:  Nancy E. Tyler, Esq
     John J. Graubard, Esq.
     Jennifer Jude, Esq.
     Timothy H. Birnbaum, Esq.
     Richard M. Kremen, Esq.
     Dale K. Cathell, Esq.
     (all via email)