

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 Vesey Street, Brookfield Place, Room 400
New York, New York 10281-1022

John J. Graubard                                                                                                           Phone: 212-336-0084
Senior Trial Counsel                                                                                                  E-mail: graubardj@sec.gov

December 12, 2016

**VIA ECF**
**(COURTESY COPY BY HAND)**

Hon. Loretta A. Preska
United States District Judge
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *SEC v. Stewart, et al.*, 1:98-cv-02636-LAP (S.D.N.Y.)
              *Phyllis J. Gottlieb v. SEC*, 1:15-cv-09568-LAP (S.D.N.Y.)

Dear Judge Preska:

      There are a number of recently filed applications and motions in *SEC v. Stewart, et al.*, 1:98-cv-02636-LAP (S.D.N.Y.):

      1.      Motion to Intervene by Alexander E. Eisemann (DN 228);

      2.      Notice of Claim by Alexander E. Eisemann (DN 230);

      3.      Motion to Intervene by Jesse Harry Gottlieb (DN 235);

      4.      Motion to Intervene by Rachel Elizabeth Gottlieb (DN 238);

      5.      Notice of Claim by Phyllis Gottlieb, as Trustee (DN 245); and

      6.      Motion to Intervene by Phyllis Gottlieb, as Trustee (DN 256).

      The Court granted the Commission's Motion for Sanctions as to Phyllis Gottlieb on September 30, 2016 (DN 227 in 98-02636 and DN 84 in 15-09568) (1) dismissing the complaint in Gottlieb v. SEC, 15-cv-09568-LAP, (2) ordering Phyllis Gottlieb to pay the SEC $2,602.03 in fees and expenses for failing to attend her deposition and, (3) precluding her from asserting any entitlement to the disputed funds in the turnover action.  Phyllis Gottlieb filed appeals from these orders; these appeals are pending before the Court of Appeals for the Second Circuit (16-3594 and 16-3663).  The Commission has filed opposition papers to each of the Motions to Intervene except for the latest and it intends to make such a filing within the time prescribe by the local rules.

      In his Notice of Motion to Intervene (DN 228), Alex Eisemann asserts an interest in the disputed funds and equates his position to that of First American Title Insurance Company.  First

Hon. Loretta A. Preska
United States District Judge
December 12, 2016
Page 2

American, unlike Mr. Eisemann, is a disinterested stakeholder in this matter. An entity who has "expended time and money participating in a dispute not of his own making and the outcome of which has no impact on him" is generally entitled to attorney's fees. *Weininger v. Castro*, 462 F.Supp.2d 457, 501 (SDNY 2006). Eisemann, however, is Phyllis Gottlieb's attorney and as such, had the choice to represent her and he has a contractual right to collect his fees from his client.

In order to dispose of all outstanding issues currently pending before the Court, the Commission requests that the Court set this matter for a hearing in mid-January 2017 at which time all parties can present their respective claims and at which the Court can finally dispose of all outstanding issues.

        Respectfully,

        /s/ *John J. Graubard*
        John J. Graubard
        Senior Trial Counsel

cc:    Alexander E. Eisemann, Esq. (via ECF)
       David F. Anderson, Esq. (via ECF)
       Dale K. Chthell, Esq. (via ECF)
       Matthew D. Grosack, Esq. (via ECF)
       Jesse Harry Gottlieb (Phyllis Jean Gottlieb, Guardian) (via first class mail)
       Rachel Elizabeth Gottlieb (via first class mail)
       Phyllis J. Gottlieb, Trustee (via first class mail)