UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

-against-

GEORGE WALLACE STEWART, ET AL.,

          Defendants.

98 Civ. 02636 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Defendant Allen Gottlieb moves this court temporarily to lift its March 31, 2010 Order ("Order") [dkt. no. 106] barring him from filing any additional papers in the instant matter.

    For the reasons discussed below, the motion is denied.

## LEGAL STANDARD

    "District courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a 'history of litigation entailing vexation, harassment and needless expense to other parties' and 'an unnecessary burden on the courts and their supporting personnel.'"  Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (quoting In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984)).  Accordingly, a court may impose a filing injunction on a litigant who has "'abuse[d] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or

repetitive proceedings.'" Lau, 229 F.3d at 123 (quoting In re Hartford Textile Corp., 659 F.2d 299, 305 (2d Cir. 1981). The Court must consider the following factors to determine whether a filing injunction is warranted:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to the parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (1986).

DISCUSSION

Consideration of these factors weighs against the Court lifting the prior injunction.

With respect to the first factor, this Court previously concluded that Defendant's filings were "repeated" and "disjointed" and that Defendant had "no objective good-faith belief that he might prevail." (Order at 4). There is nothing to indicate that this has changed. In 2017, Defendant filed a complaint in the Southern District of Florida under Federal Rule 60(d)(1). That complaint was dismissed, and the dismissal upheld on appeal. Gottlieb v. SEC, 17-CV-21669, at 3 (S.D. Fla. June 14, 2017) aff'd Gottlieb v. SEC, 17-13138 (11th Cir. July 23, 2018). The Florida district court said that the arguments

2

put forward by Defendant were "simply attempts to relitigate the matters in the previous proceeding." Gottlieb v. SEC, 17-CV-21669, at 3 (S.D. Fla. June 14, 2017). The Eleventh Circuit described Defendant's amended complaint as "a rambling list of facts, accusations, and conclusory assertions." Gottlieb v. SEC, 17-CV-21669, at 3 (11th Cir. July 23, 2018).

On the second factor, Defendant's only motive in these repetitive filings is to avoid judgment. As set out in the SEC's papers, Defendant's more recent lack of good faith in the discovery process and scheduling of depositions further attests to this fact. (U.S. Securities and Exchange Commission's Response In Opposition to Defendant's Motion, dated Feb. 4, 2019 [dkt. no. 303], at 5).

Among other things, despite promises to produce, the Commission has only received one of three sets of documents in response to its February 2018 document request. (Id.) Defendant does not contest these facts.

The third factor, Defendant's pro se status, would normally militate against an injunction. However, this Court has ruled already that "Gottlieb's status does not excuse his vexatious filings." (Order at 4). Nothing has changed with respect to this factor because the vexatious filings have continued.

On the fourth factor, this Court has previously noted that the aforementioned "repeated, disjointed filings" are a burden

to the SEC and this Court. (Id.) This is an understatement, exemplified by Defendant's 125-paragraph, 15-page, single-spaced reply [dkt. no. 305].

Finally, given the length of time this judgment has been evaded and the considerable cost in pursuing it, this Order is necessary to protect both this Court and the SEC.

In sum, all of the Safir factors counsel against lifting the filing bar. Safir, supra, 792 F.2d 24. Defendant's only motive is to avoid the judgment, and his filings have been incredibly vexatious, especially his action against the SEC lawyers. He taxes the resources of the Court and the SEC by relitigating issues ad infinitum.

## CONCLUSION

For the reasons stated above, Defendant's motion [dkt. no. 301] is denied. The Clerk of Court shall terminate the motion and mail a copy of this order to Defendant.

SO ORDERED.

Dated:   New York, New York
         March 1, 2019

*Loretta A. Preska*

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
LORETTA A. PRESKA
Senior United States District Judge