# UNITED STATES DISCTRICT COURT

# SOUTHERN DISRTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2019 SEP 16 AM 11: 47
S.D. OF N.Y.

Denied

SO ORDERED

*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
10/30/19

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | X | |
| Plaintiffs, | X | |
| VS. | X | 1-98-CIV-02636-LAP |
| GEORGE WALLACE STEWARD, ET AL, | X | **PETITION** |
| Defendants. | X | **APPOINTMENT OF A** |
| PHYLLIS J. GOTTLIEB, | X | **SPECIAL COUNSEL** |
| Interested Party | X | |

## PHYLLIS J. GOTTLIEB, PRO SE, AS COURT APPOINTED GUARDIAN OF HER TOTALLY DISABLED SON, JESSE H. GOTTLIEB, WHO WAS BORN WITH PROFOUND DOWN SYNDROME REQUESTS THAT A SPECIAL COUNSEL, OR COURT APPOINTED PERSON, SOMEONE, ANYONE BE APPOINTED TO PROTECT JESSE'S CONSTITUTIONAL RIGHTS WHICH HAVE BEEN VIOLATED AND NEGLECTED AS THE RECORD IN THIS CASE CLEARLY SUPPORTS THAT JESSE HAS BEEN TARGETED RESULTING IN HIS BEING IRREPARABLE HARMED AND DAMAGED FOR FOUR YEARS AND CONTINUING.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 10-30-19

1. Phyllis J. Gottlieb, Plaintiff in Florida transferred and consolidated case 15-civ-0968 with New York case 98-civ-2636 (LAP) as an Interested Party, hereby petitions this court in her capacity as a Court Appointed Guardian for her son, Jesse H. Gottlieb, as he was born with profound disabilities from Down Syndrome and cannot represent himself.

2. As Guardian I am seeking the appointment of a "special counsel", or court appointed person, someone, anyone to protect and represent my disabled child, Jesse H. Gottlieb, in

2

this case as he has not been properly represented by counsel Mr. Eisemann, Esq., nor has the court protected my son to date which has resulted in irreparable harm and suffering.

3. As a result of the above identified frivolous litigation presented to the court without any exculpatory documentary evidence to support the wild claims of "alter ego", Jesse together with his guardian have been intentionally targeted by the SEC now for four (4) plus years and counting.

4. During all this time Jesse was supposed to be represented by counsel and protected by the court, but instead was subjected to ineffective counsel and an extremely prejudiced court which has refused to release funds from the Guardian's Protected Homestead Proceeds to care for Jesse, even though there is overwhelming evidence in the record to support the dismissal of that frivolous Turnover Application and enforce the controlling Florida Real Estate and Homestead laws which evidence proves that there is no possible circumstance under which the SEC is entitled to any of the restrained protected Homestead proceeds.

5. As a result of this extreme prejudice, Jesse has been irreparably harmed by being thrust into devastating homelessness and unable to obtain services for his disability and the accompanying consequences of hopelessness and despair.

6. All these destructive consequences are contrary to the spirit and letter of the controlling Florida Real Estate Laws on "Tenants by the Entirety" (which is the same in New York) and the Florida Homestead Act. As a direct result Jesse's rights have been violated and he has been denied his Constitutional rights of due process and the protections offered to disabled persons with the appointment of an advocate.

**Further facts of interest.**

7. Phyllis J. Gottlieb, pro se, as Guardian for her profoundly disable child, Jesse H. Gottlieb, respectfully notes that the court has denied her filing any documents in her OWN behalf, but finds it necessary to approach the court in behalf of her disabled child, as she would be derelict in her duties as Guardian if she did not report this inequity, hardship, sadness and suffering to the court's attention for their assistance.

8. Allen Gottlieb, my husband, has appealed to Me. Alexander A. Eisemann, Esq., continuously over the last 4 years to motion the court for obviously multiple kinds of relief, including but not limited to summary judgment for filing a frivolous and unsupported turnover application, New York's lack of jurisdiction, statute of limitation, not meeting the stringent documentary criteria of CPLR 5227 on day one and certainly pursued this after 4 years, no objections to the general discovery phishing expedition,

3

not motioning for the case be returned to Florida for trial where all the witness are located, for not vigorously pursuing adjudication of the Florida Homestead laws, never asking for financial relief with return of her protected Homestead funds so that Phyllis as Guardian can end the devastation of homelessness unlawfully thrust upon the Gottlieb Family including their disabled child. But Mr. Eisemann has not followed my instructions, nor bothered to act accordingly in this matter, ever since the court wrongfully distributed my protected $54,000 of homestead proceeds to Eisemann.

9. It is hard to believe and quite mean spirited when the court instructed and demanded that none of Phyllis Protected Homestead Proceeds, that were being unlawfully restrained and now given to Eisemann NOT be used to relieve the pain and suffering sustained by Jesse or his Guardian. This was an enduring acknowledgment and disturbing evidence of directed abuse of judicial power and extreme prejudice for Judge Preska to go out of her way to make sure pain and suffering continues to be heaped upon the Jesse, instead of an impartial court normally trying to alleviate pain and suffering under these circumstances?

10. This is the reason Judge Preska cannot ethically continue to be the judge in this matter and why Plaintiff motioned that she recuse herself, which motion was dismissed.

11. My husband brought to the court's attention that those proceeds are protected under Florida Homestead Laws and there is no evidence of "alter ego" and should not have been depleted. The fact that the court proceeded to deplete those protected funds in spite of the Florida statutory restrictions against such actions, which position is well litigated and supported by common law. This proves the court's total lack of respect for Florida Real Estate and Homestead Laws as well Phyllis and Jesse Gottlieb's rights and protections which continued to be denied and violated by the plague of this court's extreme prejudice.

12. The fact that Mr. Eisemann knowingly accepted $54,000 in fees taken from the protected homestead proceeds has presented Mr. Eisemann with a conundrum which prevents him from moving this case forward by pleading the Homestead Exemption as those fees would have to be returned.

13. My husband, Allen B. Gottlieb attempted to protect Jesse's rights by applying to the court for pro se representation. but the court has once again unfairly refused his application leaving Jesse and me without any method of relief for my son, as confirmed with a simple glance at the PACER identifies, that Mr. Eisemann Esq., has been totally ineffective since receiving his legal fees from the protected Homestead funds.

**Summary of facts:**

4

14. The court was required to dismiss the frivolous application for turnover as it was totally void and without a scintilla of supporting documentation to support the wild claim of "alter ego" and the stringent criteria for an application for turnover under CPLR 5227 is completely lacking, but the court granted the restraining of protected funds regardless of the laws anyway!

15. The SEC falsely claimed that Phyllis Gottlieb is the "alter ego" of her husband Allen Gottlieb, a judgment debtor since 2003, without even a scintilla of documentary evidence to support this fabrication, nor any evidence to overcome the enormous tax and ownership documentation in the record showing that Phyllis Gottlieb was the sole owner of the Aventura Homestead Residence.

16. Yet the New York District court granted the application even though it was meritless having not met the stringent documentary criteria under New York CPLR 5227, which demand some similarity of causes of action, parties, or circumstance and without any exculpatory documents sufficient to make a speedy, economical and effective ruling within the four corners of the documents presented to the court,

17. It is fair to point out that none of the critical elements of CPLR 5227 have been satisfied. Yet here we are four years later and the court has not dismissed the application and probably never will unless a special counsel is appointed to protect my son's lawful rights and protections which have been denied and violated to date.

18. The New York Court with extreme prejudice and contempt for the Gottlieb Family and Florida's Real Estate and signature Homestead Statutory legislation and well litigated common Law granted the SEC's restraining and turnover application despite the fact that it contained not a scintilla of documentary evidence to support the application.

19. A simple perusal of the SEC's frivolous application under CPLR lacked any connection between the parties nor the Securities violation in the New York case 98-cv-2636 and 15-9568 a Florida Real estate case. Neither did it provide a single exculpatory document to substantiate its claims, nor did it include a single claim to an exception to the Homestead Act, nor did the SEC attempt to introduce evidence to overcome 20 years of publically filed tax and ownership records proving that Phyllis was the sole owner of the Aventura Homestead Residence at the time it was sold. Yet the court granted the SEC's petition showing unparalleled prejudice favoring the SEC and thus has failed to protect Jesse or the Gottlieb family who have clearly been denied equal protection and due process under the laws.

5

20. The SEC was provided with a copy of Phyllis J. Gottlieb Real Estate Purchase Agreement which was signed prior to the closing of the Aventura property sale and was clearly conditioned upon the seamless use of those protected Homestead proceeds to purchase another Florida Homestead in Ocala, Florida.

21. Therefore, once the SEC had a copy of that Agreement they were obligated to dismiss the case, but instead continued the harassment which resulted in irreparable harm and damages to Jesse and forced the Gottlieb Family further into the depths of devastating Homelessness with a profoundly disabled child now for four heinous years and without any end in sight.

22. Mr. Eisemann also furnished the SEC with the Legal Opinion of esteemed attorney real estate attorney Mr. Neil Milestone of Milestone, Muroff and Milestone, Aventura, Florida which, on the holding of title in trust, showing it was a run-of-the-mill estate planning tool and without malice and without vesting any interest in Allen B. Gottlieb. In fact, if Allen owned any portion of the Florida property it would have been protected by Homestead or by the law which protects "tenants by the entirety".

23. Additionally, the SEC has possession of the publically filed tax and ownership records proving that Phyllis was the sole owner of all Gottlieb family residences since 1994. Additionally, the SEC has all the records proving that even prior to 1994, Phyllis J. Gottlieb has been an owner of all Gottlieb Family Residences since she was married to Allen B. Gottlieb in 1974 as Tenants by the Entirety.

24. The New York Court also refused to adjudicate Florida's controlling law which requires the Florida protected Homestead Proceeds be utilized for the purchase of another Homestead which contract was signed and those proceeds protected by the Homestead Exemption protects Florida residents against homelessness as such the Gottlieb family would be living in Ocala Florida for the last four years instead of being homeless and the SEC would not be in any lesser position to make any claim it wanted.

25. Despite all the evidence in the record to the contrary, the New York Court granting the turnover application anyway and it continues in full force and effect over 4 years later even though the SEC has not added a single document to support their position which clearly shows extreme favoritism and bias for the SEC.

26. A CPLR 5227 application is supposed to be complete with documentary evidence for the court to make a determination yet their frivolous application was absent any

6

meritorious documents to support their position which lacked anything to prove Alter Ego when filed and the SEC has not added anything to prove their claims in four years.

27. Instead of the court dismissing the turnover application as meritless the SEC was permitted to conduct a General Phishing Expedition and subpoenaed all the records of my attorney, Mr. Neil Milestone Esq.

28. I requested that Mr. Eisemann object to this general discovery mainly because the application was supposed to be complete in its four corners under CPLR 5227 and the extended time concerns, but now 4 years later he still has not made an effort to protect Jesse and the SEC is still searching for evidence. This case should be dismissed for lack of evidence and to continue it is patently unfair and absurd by any lawful standard!

29. As far as I am aware, Mr. Eisemann has not objected to this general phishing expedition four years after the case was filed it continues to frustrate and delay Jesse getting the care and attention he desperately needs and deserves which is extremely prejudicial to the Gottlieb Family as Jesse continues to suffer with this delay that had taken over an additional year. This is truly a travesty of justice and there is no end in sight!

30. There is not any set of circumstance under which the SEC is entitled to make a claim lawful against Phyllis homestead proceeds, so this case should have been dismissed and Jesse would have been properly cared for. However, it is plain that this court intends to allow this case to marinate forever, while the SEC continues to harass the Gottlieb family without any justice in sight as my son remains suffering and homeless.

31. This court has been unreasonably reluctant to help Jesse and his guardian and it is now apparent that until the appointment of a Special Counsel, or protective person of some sort, with authority to act in Jesse's behalf, Jesse will continue to be denied his lawful rights and protections as history shows will continue to be violated now for four years and with no end in sight.

32. As Guardian for my profoundly disabled child, Jesse H. Gottlieb, I am seeking humanitarian assistance from this court to retain a special counsel, to prevent any further damage to my son, who has been forced into devastating homelessness since my Homestead proceeds have been wrongfully restrained rendering me without any means to help Jesse on my own and being without my proceeds to purchase another Homestead where Jesse would receive the proper care and attention.

33. If the court indiscriminately continues to resist providing equity and relieve hardship by acting on its own accord, then they must appoint a court officer, special counsel, or anyone with authority to get the court to move accordingly and prevent any further deterioration of Jesse's continuing pain and suffering.

34. Plaintiff makes note that I have requested Eisemann to motion for injunctive relief as the elements would also provide Jesse and his guardian with relief as the elements favor Jesse overwhelmingly i) likelihood of success on the merits, ii) likelihood of suffering irreparable harm in the absence of preliminary relief, iii) that the balance of the equities tips in its favor, iv) and that an injunction is in the public interest. Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc); see also Winter v. Nat. Res. Def. Council, 555 U.S. 7, 22-23 (2008). As well the petitioner shall also prove that it is fundamental that a preliminary injunction "must be tailored to remedy the specific harm alleged," and "[a]n overb[roa]d injunction is an abuse of discretion." Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011). However, nothing has moved forward on this point of law either.

## In Conclusion:

35. Therefore, Phyllis J. Gottlieb as court appointed Guardian of her son, Jesse H. Gottlieb respectfully certifies the above petition to be true and accurate to the best of her memory and understanding and thereupon requests that the court acts on its own accord to release funds to Guardian for Jesse's benefit, or appoints a Special Counsel, court officer or someone, anyone with the capacity to act in Jesse's behalf, due to the fact that Mr. Eisemann has been ineffective.

36. Therefore Jesse requires someone who will work for Jesse's benefit and release Phyllis's Florida protected proceeds so that Phyllis as Jesse's Court Appointed Guardian will have the necessary resources to prevent any further harm to her son.

37. The release of the Protected proceeds is in keeping with the Florida Homestead Act and then Jesse can be properly cared for and the court can also provide such relief as is proper under the circumstance, including dismissing this case in its entirely and returning the protected proceeds to Phyllis so that she may purchase a new Homestead.

38. In the alternative, the case can be transferred back to Florida where there is proper jurisdiction and a full understanding of the Florida Homestead Laws.

39. This transfer back to Florida will ensure that Phyllis will have the protected proceeds returned to her and thus she will be able to provide the care and attention Jesse deserves and will stop the pain and suffering which he has been irresponsibly forced to endure now for over 4 years.

Respectfully submitted this 9th day of September, 2019

*Phyllis J. Gottlieb*

Phyllis J. Gottlieb, Pro Se

9506 Highway B, Frankford, Missouri, 63441

Lawconsultancy@aol.com   786 557 3717


## CERTIFICATE OF SERVICE

I, Phyllis J. Gottlieb hereby certify that a true copy of this Notice of Motion and Motion have been U.S. Mailed to the Pro Se Intake Unit, Thurgood Marshall Court House, Room #105, Foley Sq., New York, N.Y. 10007, with separate copies to Chief Judge the Honorable Chief Judge Colleen McMahon and E-mailed to Alexander Eisemann Esq.

U.S. copies mailed to Christie White, SEC, 100 F. Street, N.E. Washington, DC 20549. ACLU-Advocacy, President Susan Herman, 125 Broad St., NY, NY 11208, Agency for persons with Disabilities, 888 Fountain Avenue, #122, Brooklyn, NY 11208, NY State Defenders Association-Family Advocacy, Exe. Dir. Jonathan Gradess, 194 Washington Ave., Suite 500, Albany, NY 12210

*Phyllis J. Gottlieb*

Phyllis J Gottlieb, Pro Se

9/10/2019

9