```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>-against-<br><br>ALLEN B. GOTTLIEB, ET Al.,<br><br>              Defendants. | No. 98-CV-2636 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of Defendant Allen Gottlieb's various motions and supplements (dkt. nos. 367, 368, 371, 372, 379, 381, 384 and 385) seeking reconsideration of this Court's order holding him in contempt.

    On August 31, 2021, the Court held a hearing during which it granted the Securities and Exchange Commission's motion (dkt. no. 345) to hold Defendant Allen Gottlieb in contempt of court, for the reasons stated on the record at the conclusion of that hearing.

    In a filing dated September 13, 2021, but docketed on September 24, 2021, Mr. Gottlieb filed a motion for reconsideration of the Court's contempt order.  (Dkt. no. 371.) Mr. Gottlieb supplemented this motion for reconsideration by letter dated September 24, 2021.  (Dkt. no. 372.)  Mr. Gottlieb further supplemented this motion in a filing dated October 12, 2021.  (Dkt. no. 379.)  Mr. Gottlieb again supplemented this

1

motion in a filing dated October 25, 2021.  (Dkt. no. 381.) Finally, in what Mr. Gottlieb styles as an "emergency motion", dated November 10, 2021, Mr. Gottlieb seeks to stay or set aside the Court's contempt order.  (Dkt. nos. 384-385.)

In a filing dated September 16, 2021, but docketed on September 20, 2021, Mr. Gottlieb filed a notice of appeal of the Court's decision.  (Dkt. no. 374.)  Mr. Gottlieb filed an amended notice of appeal on September 24, 2021, which was docketed on September 30, 2021.  (Dkt. no. 375.)

On October 5, 2021, the Court entered a written order summarizing the remedial sanctions imposed on Mr. Gottlieb at the August 31 hearing to compel his compliance with the final judgment entered in this action.  (Dkt. no. 373.)

On October 25, 2021, the Securities and Exchange Commission filed a response in opposition to Mr. Gottlieb's motions for consideration, including but not limited to those filings at docket numbers 371, 372, and 379.  (Dkt no. 380.)

As a threshold matter, the Court has jurisdiction to consider Mr. Gottlieb's motions for reconsideration.  Although "the filing of a notice of appeal typically divests the district court of its control over those aspects of the case involved in the appeal", *Leeber Realty LLC v. Trustco Bonk*, 798 F. App'x 682, 687 (2d Cir. 2019) (cleaned up), a timely filed motion for reconsideration constitutes an exception to this rule as it

2

"postpones the efficacy of a notice of appeal until after the District Court rules on the motion for reconsideration." *Smith v. City of New York*, No. 12-CV-8131 (JGK), 2014 WL 2575778, at *1 (S.D.N.Y. June 9, 2014) (citations omitted); *see, e.g.*, United States v. Erskine, No. 05 Cr. 1234, 2014 WL 12862427, at *1 (S.D.N.Y. Apr. 24, 2014) ("As [the defendant] filed his motion for reconsideration before he filed his notice of appeal, however, I retain jurisdiction over [the] motion for reconsideration.").

Although Mr. Gottlieb's motion for reconsideration (dkt no. 371) has a docket date of September 24 while his notice of appeal (dkt. no. 374) has a docket date of September 20, the filings themselves make clear that Mr. Gottlieb submitted his motion for reconsideration before submitting the notice of appeal.[1]  The Court also observes that despite the dates listed on the docket, the motion for reconsideration was assigned docket number 371, which naturally comes before docket number 374 assigned to the notice of appeal.  For all of these reasons, the Court deems the motion for reconsideration to have been filed before the notice of appeal.  Even if the dates on the

---

[1] Indeed, in a letter Mr. Gottlieb submitted on September 16, 2021, which was docketed on September 21, 2021, Mr. Gottlieb references his "September 13 . . . motion asking [the Court] to reconsider" the August 31 contempt order and notes that "[t]oday, I duly paid the fee for and mailed the pro se office a notice of appeal."  (Dkt. No. 369.)

3

docket controlled, however, this Court would still have jurisdiction to consider Mr. Gottlieb's pending motions for reconsideration.  *See, e.g.*, *Guadagni v. New York City Transit Auth.*, No. 08-CV-3163 CPS/SMG, 2009 WL 750224, at *2 n.3 (E.D.N.Y. Mar. 19, 2009); *Stewart Park and Reserve Coalition Inc. (SPARC) v. Slater*, 374 F.Supp.2d 243, 252 (N.D.N.Y. 2005).

The Court has considered Mr. Gottlieb's various filings, including those at docket numbers 371, 372, 379, 381, 384 and 385.  The Court construes these collective filings as motions for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3.  For the reasons that follow, these motions are denied.[2]

Rule 6.3 provides that a notice of motion for reconsideration shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked."  A motion for reconsideration should be granted only when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  Thus, "to be entitled to . . .

---

[2] To the extent Mr. Gottlieb's filings at docket numbers 367-368 could be construed as supporting his motions for reconsideration, the Court has considered these filings and they are denied for the same reasons discussed herein.

4

reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001).  The movant must also demonstrate that the controlling law or factual matters "might reasonably be expected to alter the court's decision." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).  Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dietrich*, 198 F.R.D. at 399.  And motions for reconsideration are "committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enf't*, No. 14 Civ. 6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citation omitted).

    Here, Mr. Gottlieb does not raise any intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  As the above history illustrates, the Court has heard and read at length the arguments Mr. Gottlieb rehashes in the motions presently under consideration.  Reconsideration is "not a vehicle for relitigating old issues"--instead, a movant must show that a court previously "overlooked" pertinent factors in reaching a decision.  *Analytical Surveys, Inc. v. Tonga*

5

*Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  Mr. Gottlieb's motions are denied.

The Clerk of the Court is directed to close any open motions pending at docket numbers 367, 368, 371, 372, 379, 381, 384, and 385.

**SO ORDERED.**

Dated:     November 22, 2021
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge