```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>-against-<br><br>ALLEN B. GOTTLIEB, ET Al.,<br><br>                    Defendants. | No. 98-CV-2636 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

On January 23, 2003, the Court entered a final judgment against Mr. Allen Gottlieb, which required him to pay approximately $2 million in disgorgement and a penalty of approximately $878,000.  (Dkt. No. 85.)  Mr. Gottlieb appealed, and in 2004 the judgment was affirmed by the Court of Appeals. SEC v. Allen B. Gottlieb, et al., No. 03-6035 (2d. Cir. Mar. 5, 2004) (summary order) (available at dkt. no. 91 in 98-cv-2636). In June 2021, the SEC moved to hold Mr. Gottlieb in civil contempt due to his failure to pay despite evidence of assets and spending that could have been used partially to satisfy the judgment against him.  (Dkt. No. 345.)  The Court held a hearing on August 31, 2021, at which it granted the SEC's motion.  The Court entered a written order holding Mr. Gottlieb in civil contempt on September 27, 2021.  (Dkt. No. 373.)

Mr. Gottlieb thereafter filed notices of appeal as well as a series of motions and papers that collectively sought

1

reconsideration of the contempt order.  On November 22, 2021, the Court denied the motions for reconsideration.  (Dkt. No. 387.)  Mr. Gottlieb's appeal of the contempt order is currently pending before the Court of Appeals.

On January 11, 2022, Mr. Gottlieb filed a motion styled as an "application for relief from the contempt order on grounds of compliance" and that the "final judgment is a penalty not a disgorgement."  (Dkt. No. 389.)  The SEC responded to the motion on January 26, 2022.  (Dkt. No. 392.)  Mr. Gottlieb submitted a reply on February 3, 2022.  (Dkt. Nos. 394-395.)

Mr. Gottlieb's motion is denied.

First, Mr. Gottlieb's argument that he has complied with the contempt order is, as the SEC puts it, "preposterous."  The contempt order required Mr. Gottlieb to, among other things, promptly pay $105,000 to the SEC and provide an accounting of assets and income.  (Dkt. No. 373.)  Despite his protestations, Mr. Gottlieb has made no showing that he has complied with the order.  However, Mr. Gottlieb has appealed the contempt order, which is pending, and thus this Court is divested of jurisdiction "over [that] aspect[] of the case."  Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556, 564 (2d Cir. 1991) (cleaned up).  This portion of the motion is therefore denied without prejudice.

Second, Mr. Gottlieb's renewed attack on the underlying 2003 judgment fails.[1]  As a threshold matter, motions for relief from a judgment pursuant to Rule 60 "must be made within a reasonable time."  F.R.C.P. 60(c).  Under the circumstances, the nearly two decades that have passed since entry of the judgment is well beyond any notion of "reasonable time."  See, e.g., SEC v. Durante, 641 F. App'x 73, 78 (2d Cir. 2016) (summary order) (motion for relief from judgment more than 11 years after judgement was issued was not "made within a reasonable time").  Nevertheless, the Court has carefully considered whether Mr. Gottlieb's substantially rehashed arguments establish a ground for relief from a judgment pursuant to Rule 60(b) and finds that they do not.

Mr. Gottlieb fails to make any showing that the judgment was mistaken, that there is any new evidence not considered by this Court or by Court of Appeals in affirming the judgment, that SEC committed fraud, or that the judgment is void.  See F.R.C.P. 60(b)(1)-(4).  Part and parcel of the discussion above, Mr. Gottlieb also fails to make any showing that he has satisfied the judgment.  See F.R.C.P. 60(b)(5).  There are unquestionably still amounts due to the SEC pursuant to the judgment.  Mr. Gottlieb presents no other reasons that would

---

[1] Because Mr. Gottlieb's appeal is limited to the contempt order, this Court retains jurisdiction over this aspect of the motion.

3

justify modification or vacatur of the judgement.  See F.R.C.P. 60(b)(6).  The Supreme Court's intervening decisions in Liu v. SEC, 140 S. Ct. 1936 (2020) and Kokesh v. SEC, 137 S. Ct. 1635 (2017), on which Mr. Gottlieb relies, are not inconsistent with this Court's exercise of authority ordering disgorgement and thus do not present an "extraordinary circumstance" warranting relief from the judgement.  See Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986).

Accordingly, Mr. Gottlieb's motion is DENIED.  The Clerk of the Court is directed to close the open motion at docket number 389.

**SO ORDERED.**

Dated:     February 14, 2022
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

4