UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                  Plaintiff,<br><br>-against-<br><br>ALLEN B. GOTTLIEB, ET AL.,<br><br>                  Defendants. | 98 CV 2636 (LAP) |
| ALLEN B. GOTTLIEB,<br><br>                  Plaintiff,<br><br>-against-<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>                  Defendant. | 05 CV 2401 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    On March 7, 2022, the Court ordered Allan Gottlieb to show cause why he should not be barred from filing additional papers in this matter.  (Dkt. no. 403.)[1]  Mr. Gottlieb responded on March 16, 2022 (dkt. no. 405), the SEC submitted a reply on March 22, 2022 (dkt. no. 409), and Mr. Gottlieb filed a response to the SEC's reply on March 29, 2022 (dkt. no. 411).  For the reasons set forth below, Mr. Gottlieb is barred from filing further papers in this action or in the related action, 05 Civ. 2401, unless they are addressed to the Court of Appeals.

---

[1]  References to docket numbers are to documents in the 98 Civ. 2636 action, unless otherwise stated.

1

I.  **Applicable Law**

A court may impose restrictions on a litigant's access to the judicial system under the All Writs Act, 28 U.S.C. § 1651. See, e.g., In re Neroni, 639 F. App'x 9, 11-13 (2d Cir. 2015); Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 2005).  In considering whether to enjoin a litigant from the judicial system, courts consider the following factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." Iwachiw, 396 F. 3d at 528.

II.  **Background**

The SEC brought this case against Mr. Gottlieb and others about 24 years ago, on April 14, 1998.  On January 21, 2003, the Court entered judgment against Mr. Gottlieb, which required disgorgement and other payments.  That judgment became final after it was affirmed by the Court of Appeals, S.E.C. v. Gottlieb, 2004 WL 407047 (2d Cir. Mar. 5, 2004), and the Supreme

Court denied Mr. Gottlieb's petition for writ of certiorari, Gottlieb v. S.E.C., 534 U.S. 1003 (Nov. 29, 2004).

On February 28, 2005--shortly after the denial of certiorari in the underlying action--Mr. Gottlieb filed a pro se complaint against the SEC attempting to attack collaterally the underlying judgment.  (See dkt. no. 1 in 05 Civ. 2401.)  The Court construed the complaint to be a motion under Rule 60(b) to appeal the judgment in the underlying action and, on February 27, 2007, the Court denied Mr. Gottlieb's motion and terminated the case.  See Gottlieb v. S.E.C., No. 05 Civ. 2401, 2007 WL 646382 (S.D.N.Y. Feb. 27, 2007), aff'd, 310 F. App'x 424 (2d Cir. Jan 27, 2009), cert. denied, 558 U.S. 1008 (Nov. 2, 2009).

On February 2, 2010--again, shortly after the denial of certiorari in the related matter--Mr. Gottlieb filed a motion for reconsideration and relief from the judgment in the underlying matter.  (Dkt. no. 101.)  In denying the motion on February 11, 2010, the Court noted that "Gottlieb's motion is barred by the doctrine of res judicata and has no more merit three and a half years later than it did when he initially filed it."  (Dkt. no. 102 at 2.)

Undeterred, on February 19 and March 5, 2010, Mr. Gottlieb filed another round of motions for reconsideration, this time in the 05 Civ. 2401 case.  (Dkt. nos. 23, 24 in 05 Civ. 2401).

3

On March 31, 2010, the Court denied Mr. Gottlieb's motions and barred him from filing any papers in either of the litigations, 98 Civ. 2636 and 05 Civ. 2401, based on his "repeated, disjointed filings." Gottlieb v. S.E.C., 2010 WL 11710603, at *1 (S.D.N.Y. Mar. 31, 2010).  The Court found that

> with his appeal decided, Gottlieb has no objective good-faith belief that he might prevail; this Court is barred from overruling the holding of the Court of Appeals that Gottlieb waived his service of process argument.  Finally, no other sanction would suffice.  Gottlieb has demonstrated that he will not respect any unfavorable ruling on this issue.  The sole factor that weighs in Gottlieb's favor is that he is acting pro se.  Nonetheless, procedural rules in ordinary civil litigation should not be interpreted to "excuse frivolous or vexatious filings by pro se litigants," Iwachiw, 396 F.3d at 529 n.1, and Gottlieb's status does not excuse his vexatious filings.

Id.  The Court of appeals affirmed this Court's decision, Gottlieb v. S.E.C., 420 F. App'x 59 (2d Cir. Apr. 20, 2011), and the Supreme Court denied Mr. Gottlieb's petition for writ of certiorari, Gottlieb v. S.E.C., 565 U.S. 1073 (Nov. 28, 2011).

After Mr. Gottlieb had exhausted his appeals of this Court's decision, he proceeded to file numerous additional motions for reconsideration, in response to which this Court has reminded him on several occasions that he is barred from filing, among other things, Rule 60 motions appealing the underlying judgment in these cases.  See, e.g., Gottlieb v. S.E.C., No. 05

4

Civ. 2401, 2012 WL 3834653 (S.D.N.Y. Aug. 15, 2012) (dkt. no. 109) (denying Rule 60 motion and noting that "Gottlieb remains enjoined . . . from making any further filings in Nos. 05 Civ. 2401 and 98 Civ. 2636"); Order dated Sept. 19, 2013 (dkt. no. 38 in 05 Civ. 2401) (denying Rule 60 motion and noting that "Gottlieb continues to be barred from filing any further papers in this matter"); Order dated Aug. 12, 2014 (dkt. no. 39 in 05 Civ. 2401) (dkt. no. 125 in 98 Civ. 2636) (denying Rule 60 motion and noting that "Gottlieb is barred from filing, among other things, Rule 60 motions in these cases").

By order dated March 2, 2017, the Court noted that it "would entertain a motion to lift the [filing] bar with respect to these new proceedings" relating to Mr. and Mrs. Gottlieb's Motion to Prevent Depletion of Restrained Funds but found it did not have to do so because Mr. Gottlieb was represented on that motion by Alexander Eisenmann, Esq.  (Dkt. no. 270 in 98 Civ. 2636.)  "On or about November 20, 2018, Mr. Gottlieb mailed to the Court (but did not file or serve) a Notice of Motion to Permit Allen Bruce Gottlieb to Defend Himself Pro Se and to Temporarily Vacate Vexatious Litigation Restrictions."  (See dkt. no. 300 in 98 Civ. 2636.)  On January 2, 2019, the Court permitted Mr. Gottlieb to file and serve the motion "[i]f [he] wishes to pursue [it]."  (Id.)  On January 23, 2019, Mr. Gottlieb filed his motion temporarily to vacate vexatious

litigant restrictions.  (Dkt. no. 301.)  The SEC opposed the motion (dkt. no. 303), and by order dated February 7, 2019, Mr. Gottlieb was permitted to file a reply in further support of his motion (dkt. no. 304), which reply Mr. Gottlieb filed on February 20, 2019 (dkt. no. 305).  By order dated March 1, 2019, the Court denied Mr. Gottlieb's motion temporarily to lift the March 31, 2010 filing bar.[2]  (Dkt. no. 306.)

On June 14, 2021, the SEC moved to hold Mr. Gottlieb in civil contempt for violation of the January 23, 2003 judgment, which required disgorgement and other payments.  (Dkt. no. 350.)  Mr. and Mrs. Gottlieb responded to the order to show cause in a series of filings, including:[3]

- Response to Order to Show Cause, dated July 12, 2021 (dkt. no. 352);

- Expanded Response to Order to Show Cause, dated July 12, 2021 (dkt. no. 355);

- Preliminary Response to Order to Show Cause, dated July 14, 2021 (dkt. no. 357);

- Letter re Order to Show cause, dated July 15, 2021 (dkt. no. 356);

- Response to Order to Show Cause, dated July 22, 2021 (dkt. no. 360); and

---

[2]   Mr. Gottlieb subsequently filed a motion for reconsideration of this decision (see dkt. no. 307), which the Court denied (dkt. no. 308).

[3]   These are the filings that can fairly be said to respond to the SEC's motion.  During this time, Mr. and Mrs. Gottlieb also filed an "emergency motion" for release of funds (dkt. no. 353) and a letter to Chief Judge Swain (dkt. no. 354).

- Amended Response to Order to Show Cause, dated August 12, 2021 (dkt no. 363)

The SEC replied on August 5, 2021.  (Dkt. no. 361).

The Court granted the motion to hold Mr. Gottlieb in contempt at a hearing held August 31, 2021, and that holding was memorialized in an order entered October 5, 2021. (Dkt. no. 373.)  Mr. Gottlieb subsequently entered notices of appeal (dkt. nos. 364, 375) and various motions and supplements seeking reconsideration of this Court's order holding him in contempt:

- Affidavit of Allen Gottlieb, dated September 13, 2021 (dkt. no. 367);

- Response to Contempt Order, dated September 13, 2021 (dkt. no. 368);

- Motion for Reconsideration of Contempt Order, dated September 24, 2021 (dkt. no. 371);

- Letter requesting that information be added to Motion for Reconsideration, dated September 30, 2021 (dkt. no. 372);

- Motion to Supplement Motion for Reconsideration, dated October 18, 2021 (dkt. no. 379);

- Response to Contempt Order, dated October 27, 2021 (dkt. no. 381); and

- Emergency Notice of Motion/Motion to Stay or Set Aside Contempt Order, dated November 16, 2021 (dkt. nos. 384, 385).

The Court construed these filings collectively as motions for reconsideration, which the Court denied by order dated November 22, 2021.  See S.E.C. v. Gottlieb, No. 98-cv-2636, 2021 WL 5450360 (S.D.N.Y. Nov. 22, 2021).

On January 11, 2022, Mr. Gottlieb filed an Application for Relief from Contempt Order on Grounds of Compliance. (Dkt. no. 389.) The SEC responded on January 26, 2022 (dkt. no. 392), Mr. Gottlieb replied on February 3, 2022 (dkt. nos. 394, 395), and the Court denied the motion on February 14, 2022 (dkt. no. 398).

On February 23, 2022, Mr. Gottlieb filed yet another motion for reconsideration, this time of the Court's order denying his motion for relief from the contempt order on the grounds of compliance. (Dkt. no. 399.) The SEC responded on March 1, 2022 (dkt. no. 400), and the Court denied the motion the next day (dkt. no. 401). On March 4, 2022, Mr. Gottlieb sought permission to submit a reply to the SEC's response to his February 23 motion for reconsideration (dkt. no. 402), and on March 7, 2022, the Court wrote:

> The Court is in receipt of Mr. Gottlieb's motion (dkt. no. 402) seeking, inter alia, to submit yet another filing if and when the SEC responds to his motion of July 12, 2021 (dkt. no. 353). The request is denied.
>
> Mr. Gottlieb has subjected the SEC (and the Court) to an unrelenting barrage of filings that regurgitate for the umpteenth time long-rejected legal and factual theories. The latest filing is no exception.
>
> In light of Mr. Gottlieb's numerous repetitive filings, he shall show cause no later than March 22, 2022, why he should not be barred from further filings except those directed to the Court of Appeals.

8

(Dkt. no. 403.)  Mr. Gottlieb responded[4] (dkt. no. 405), and the SEC replied (dkt. nos. 409, 410).

Like the majority of Mr. Gottlieb's recent papers, his response to the Order to Show Cause "regurgitates for the umpteenth time long-rejected legal and factual theories." (Dkt. no. 403.)  Among the repeat purported facts or theories are:

1. My innocent wife and our profoundly disabled child have been targeted with inhumane abuses for almost 7-terrifying years of devastating homelessness (dkt. no. 405 at 1);

2. FACTS. Allen Gottlieb disgorged all my legal fees and received a court approved settlement and discharge in case 94-cv-3034(LAP) in 1995 which was based upon a violation in 1992 signed by Hon. Judge L.A. Preska. In 1998-cv-2636 (LAP) Allen Gottlieb was served 22-months after the District Court granted the SEC underserved extensions to the Statute of Limitations as the violation occurred in 1992. In 2003 the District Court awarded a judgment to the SEC against Allen Gottlieb ordering him to disgorge almost $3-Million Dollars. However, the record shows no unjust enrichment and no losses due to the actions of Allen Gottlieb as he already disgorged all his legal fees in 1995 receiving a District Court approved settlement and discharge. (Id. at 2);

3. In 2015 Phyllis Gottlieb sold her Florida Aventura Homestead residence while simultaneously contracted for the purchase of a Retirement Homestead in Ocala, Florida with the seamless use of her Homestead

---

[4] On the same day, Mr. Gottlieb also filed a Notice of Motion/Emergency Motion/Response to Order to Show Cause. (Dkt. no. 406.)  Mr. Gottlieb contends that this was intended to be included in a single docket entry, along with his response to the order to show cause.  (See Dkt. no. 412.)  Two days later, on March 18, Mr. Gottlieb submitted a letter requesting dismissal of the transfer of Florida action.  (Dkt. no. 407).

9

    protected proceeds from the Aventura sale. In 2015 the SEC prevented the purchase from closing and lobbied the Florida Judge to overrule the United States Supreme Court Guidelines 28 U.S.C. 1440-1441(a) resulting in Phyllis's $817,000 in Florida protected Homestead proceeds being transferred 1200 miles to the Hon. Judge L.A. Preska's District Court in New York upon a totally fraudulent hoax, a wild fairy tale, claiming that Allen Gottlieb owned the Aventura Homestead and that Phyllis is his alter ego. (Id. at 3-4);

4. The District Court erred when it granted the SEC, a debt collector the power to restrain Phyllis Gottlieb's $817,000 Florida protected Homestead proceeds violation of the Florida Homestead statute and well-litigated common law which is part of Florida's Constitution and was meant to protect the Homesteader proceeds from all creditors and predators including the judgement the debt collector has against Allen Gottlieb which is not against Phyllis Gottlieb as a judgment is an unsecured lien which is feckless against Florida protected Homestead proceeds. (Id. at 4-5);

5. The District Court must really hate my innocent wife and disabled child as they have refused to make an honest ruling instead they have delayed and delayed and delayed now for almost 7-years refusing to adjudicate in accordance with the evidence in the record and the statutory authority just to continue to punish me by transferring its hatred to my innocent wife and our profoundly disabled child to crush and punish them and compound the misery and ill-effects of prolonged Homelessness without any lawful reason. (Id. at 6);

6. The fact that the SEC has continued to viciously attack my innocent wife and our profoundly disabled child well beyond the authority provided by the Statute of Limitations is not only sanctionable, but the SEC must be held accountable for unprovoked savagery and the ensuing damages incurred over the last 7-years especially to our son Jesse who was born with the ravages of Down Syndrome. It is reasonable to assume that the with all the resources available to the SEC they were at all times aware of

10

       the fact that the Statute of Limitation had expired but continued their ruthless attack anyway in spite of the following high court decisions. (Id. at 7);

7. Both Phyllis Gottlieb and Allen Gottlieb complained that the $56,428 [payment of fees to Alexander Eisenmann, Esq.] was wrongfully used as a quid-pro-quo payoff to Eisemann in exchange for his written promise not to help any member of the Gottlieb family. That payoff was made over Phyllis's vigorous objections and against Phyllis's best interests and contrary to the protections of the Homestead statute and conflicted Eisemann's legal representation from that moment going forward. (Id. at 11).

On March 29, Mr. Gottlieb filed a document entitled Correction to PACER Filing Error-Deceptive Use to Bar Me (dkt. no. 412) and a document entitled Allen B. Gottlieb's Response to SEC Reply in Support of Barring Allen B. Gottlieb From Further Filing (dkt. no. 411). The latter document, constituting 19 single-spaced pages, again reiterates Mr. Gottlieb's numerous grievances and concludes:

> I respectfully ask the court to look beyond me, and you will find my innocent wife and defenseless child who have never harmed anybody in their lives and never would. Yet they have been overwhelmed and consumed with misery by a debt collector who fabricated a fairy tale hoax 3-decades later as part of a Fraudulent and violent scheme to target my innocent wife and profoundly disabled child and there is no excuse for this dangerous obsession to continue! There are no lawful underpinnings or a shred of truth or evidence to support my family being victimized and inhumanely crushed for 7-terrorfying years. This debt collector has deceived the court and abused her authority by willfully perpetrating a fraudulent scheme which has prevented the

11

>           court from arriving at a truly informed and
>           just outcome. Please use the power of the
>           court for good and protect the innocent
>           victims.

(Dkt. no. 411 at 15).

Most recently, on April 6, Mr. Gottlieb filed a 40-page single-spaced document styled as a Response to Contempt & Response to Cancel-Bar Gottlieb From Exercising 1st Amendment Constitutional Defenses.  (Dkt. no. 413.)  This document sets forth more of the same, including, among other things, accusations of "hostage taking, extortion and ransom," references to the RICO statute, and the possibility of Mr. Gottlieb's filing a writ of mandamus.  (See, e.g., id. at 9-15.)

### III. Discussion

In his responses to the order to show cause, Mr. Gottlieb has, yet again, reiterated all of his complaints about every aspect of the proceedings in this case and the related case, 05 Civ. 2401, going back to 1998.  No new legal or factual material has been added.  Thus, Mr. Gottlieb continues his habit of vexatious, harassing, and duplicative papers.

Because Mr. Gottlieb's arguments have been rejected numerous times in the past, he does not have an objective good faith expectation of prevailing.  In so filing, Mr. Gottlieb has caused needless expense to the SEC and has placed unreasonable and unnecessary burdens on the Court and Court personnel.  The

only factor in Mr. Gottlieb's favor is that, while he is a trained lawyer, technically he is proceeding pro se.  As Mr. Gottlieb's numerous duplicative filings have demonstrated, however, no sanction other than a filing bar will suffice to deter him from lengthy, repetitive, and vexatious filings.

*   *   *

The Court is reminded of the children's story If you Give a Mouse a Cookie.  When the SEC moved to hold Mr. Gottlieb in contempt in July 2021--ten years after the Court first entered the filing bar--the Court naturally afforded Mr. Gottlieb the opportunity to oppose that motion and to argue that contempt was inappropriate.  But Mr. Gottlieb has exploited that opportunity, resulting in what seems like an exponentially growing number of repetitive and vexatious filings.  In other words, now that he has had his cookie, Mr. Gottlieb wants some milk, a straw, a napkin, and so on.  The only sanction that will restore order and prevent Mr. Gottlieb's further abuse of the Court's docket, time, and resources is to reimpose the filing bar.

## IV. Conclusion

Accordingly, Mr. Gottlieb is barred from filing any further papers in 05 Civ. 2401 and 98 Civ. 2636 unless they are (1) expressly ordered by this Court or (2) addressed to the Court of Appeals.  The Clerk of the Court shall mail a copy of this order to Mr. Gottlieb.

**SO ORDERED.**

Dated:    New York, New York
          April 12, 2022

_____
LORETTA A. PRESKA
Senior United States District Judge