# ALEXANDER E. EISEMANN

ATTORNEY AT LAW

20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL: (212) 420-8300
FAX: (212) 420-8338
aee@eislaw.com
www.eislaw.com

February 21, 2023

**VIA ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007-1312

Re:   Securities and Exchange Commission v. Stewart, et al.,
      98 Civ. 2636 (LAP)

Dear Judge Preska:

I am counsel for Phyllis Gottlieb with respect to the turnover action in the above-entitled action. I write, respectfully, to request a two-week extension of today's deadline to seek reconsideration of your Honor's February 7, 2023, opinion and order denying Mrs. Gottlieb's motion to release the funds in the registry and granting the SEC's cross motion to release half the funds to it. In the alternative, I respectfully request that this letter be accepted in lieu of a formal motion for reconsideration and further request that your Honor set a deadline for two weeks from today for Mrs. Gottlieb to provide a supplementary memorandum of law on an issue described below.

In your opinion and order, your Honor rejected Mrs. Gottlieb's argument that only a jury could award the SEC the equivalent of money damages from her, something the official commentary to the CPLR provision under which this turnover proceeding is being conducted indicates says is required, and as the SEC agreed was required as well (until it reneged on that agreement after the counsel originally assigned to this matter retired). Mrs. Gottlieb quoted from the CPLR commentary in her reply memorandum on the motion that your Honor just decided:

SO ORDERED

2/22/23

*Loretta A. Preska* (signature)
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

Hon. Loretta A. Preska
February 21, 2023
Page 2

>   In the series of emails the Court has already reviewed, the SEC does not dispute Mrs. Gottlieb's contention that she is entitled to a jury trial, something the SEC's own research proved to it was the case as well. See CPLR 5225, Practice Commentaries C5225:6, "Trial of Fact Issue; Jury." ("A nicer question is whether trial by jury is required. Suppose, for example, that the judgment creditor (JC) brings a special proceeding against the garnishee (G) to make the latter pay over a sum of money allegedly owed by G to the judgment debtor (JD). In that proceeding ***G disputes that he owes the debt to JD***. If there is a genuine issue of whether G owes JD the money, and ***G wants the issue tried by jury, G is entitled to it***. As to G, the proceeding is the equivalent of a money action brought by JD; JD's creditor, JC, merely stands in JD's shoes.").

Reply Memorandum in Support of Phyllis J. Gottlieb's Renewed Motion to Release Funds in the Registry and in Opposition to the SEC's Request to Have Half of Such Funds Released to it, dated June 14, 2021 at 20-21 n.5 (emphasis added) (ECF No. 351).

A copy of the email exchange in which prior counsel for the SEC agreed that a jury trial was required was attached to a May 7, 2021, letter I sent your Honor. In the email attachd to it, the since-retired SEC counsel said I should "keep this email and beat [her] up with it" if I had any doubts about the SEC honoring her agreement on its behalf, to which prior counsel added--ironically in light of the SEC's now-changed position--"I assure you however, that will not be necessary." The pertinent part of that email from prior counsel read as follows:

>   ***My research indicates to me that Phyllis is entitled to a jury trial***. My research also indicates that Allen is not entitled to a jury trial. The final arbiter of this issue will be the judge. I see no need for a stipulation. If you don't trust what I am telling you, you can always keep this email and beat me up with it. I assure you however, that will not be necessary.

Email from N. Tyler, Esq., to A. Eisemann, dated October 26, 2017, at 1 (emphasis added). (ECF No. 335).

Despite this authority and the reasoning in the CPLR commentary, as well as SEC's original acknowledgment that a jury trial would be required before Mrs. Gottlieb could be deprived of funds in her name, your Honor found that no jury trial was required. That ruling was based on your implicit finding that Mrs. Gottlieb is merely a "nominal" holder of title to the house whose sale proceeds are now being held in the registry.

My brief review of the pertinent caselaw, however, suggest that your Honor's implicit "nominal" finding here is not supported by it. In essence, those cases I have reviewed in which a jury trials have been denied with respect to the government's efforts to collect from



Hon. Loretta A. Preska
February 21, 2023
Page 3

judgment debtors have all involved transfers that closely resemble the typical types of fraudulent-conveyance transfers that courts routinely set aside (or findings of wrongdoing by the transferee, which is not an issue in this matter). I haven't been able to do a full canvas of the cases and would like to do that and brief your Honor on them before you rule on any reconsideration motion.

A second ground upon which Mrs. Gottlieb respectfully seeks reconsideration is your Honor finding against her on what are, essentially, uncontested facts--about which she submits any negative findings about them must be determined by a jury. Specifically, Mrs. Gottlieb has sworn in the declaration she submitted as part of the just-decided motion that her husband (and judgment debtor), Allen Gottlieb, transferred title to homes the two of them had purchased and owned jointly to her nearly thirty years ago and for benign reasons. See Amended Declaration of Phyllis Jean Gottlieb, executed February 10, 2016 (ECF No. 300), ¶ 10 ("In or about 1986, while already married and living together, we purchased a home, jointly and in both of our names, in Key West, Florida In the late 1980's or early 1990's, we purchased, jointly and in both of our names, another home in Fort Lauderdale, Florida."), ¶¶ 12-13 (describing the subsequent birth of the Gottliebs' son with Down Syndrome and Mr. Gottlieb's hospitalization for "serious heart arrhythmia" id. ¶ 14 ("When he was released, we both realized life is fragile, Allen wanted to make sure that our son Jesse, our unborn daughter and I would be cared for should something happen to him"); id. ¶ 15 ("In 1994, Allen quitclaimed both the Fort Lauderdale and Key West properties to me. Allen's intent in quitclaiming the properties was to relinquish any interest he held in them by transferring them into my name alone. His objective was to protect these assets for our children and me."). Mrs. Gottlieb's declaration included, as an exhibit, an indenture reflecting the joint purchase in 1986 of the Key West property (Mrs. Gottlieb could not locate a copy of the indenture for the Fort Lauderdale property). See id. ¶ 10 & n.1, and attached exhibit.

Finally, there were a host of defenses that Mrs. Gottlieb intended to raise if her pretrial motion to release funds short of a trial, essentially one for summary-judgment, were denied. These are listed in the enclosed interrogatory responses the Gottliebs provided to the SEC, but there were others that hadn't been documented in that manner. I am bringing those to your Honor's attention in this reconsideration motion so you are aware that there were other defenses that weren't raised at the pretrial motion stage because they were not suitable for summary judgment. In fairness to Mrs. Gottlieb, I hope your Honor will grant her the same two weeks I am requesting to submit a memorandum of law on the above issues, to bring those issues appropriately before you at the same time.

I am in the midst of intense preparation for a civil trial in California that begins on March 8. This case has been all-consuming and I have had no time in which to draft a full reconsideration motion because of that. Earlier today, I asked the FCC if, in light of my intense trial work, it would consent to a two-week extension of the time to file a reconsideration motion

Hon. Loretta A. Preska
February 21, 2023
Page 4

but it declined to grant it. That position was disappointing but I have tried to deal with it as best I can, but submitting this timely request for an extension (that would now have to be granted nunc pro tunc) or, in the alternative, a timely reconsideration motion with a request for two weeks to supplement it as described above.

   I will note that I have written this letter late at night while working with local counsel in California to file opposition to a potentially-dispositive motion in the trial and have not been able to devote as much time to drafting it as I would have liked. Nevertheless, I respectfully request that your honor play at a two-week extension for Mrs. Gottlieb to file a full motion for reconsideration or, in the alternative, that you accept this letter as such a motion and grant her two weeks to supplement it.

   I thank your Honor for considering these requests and apologize for any typographical errors as I try to rush back to my work on the California case.

            Respectfully submitted,

            Alexander E. Eisemann

Enclosures

cc: Christy White, Esq.
  (via ECF)
  Mrs. Phyllis J. Gottlieb
  Mr. Allen B. Gottlieb
  (both by email)