# Alexander E. Eisemann

Attorney at Law

20 Vesey Street, Suite 400
New York, New York 10007

---

Tel: (212) 420-8300
Fax: (212) 420-8338
aee@eislaw.com
www.eislaw.com

May 30, 2023

**VIA ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007-1312

   Re: Securities and Exchange Commission v. Stewart, et al.,
       98 Civ. 2636 (LAP)

Dear Judge Preska:

  I write in response to the letter faxed to your Honor over Phyllis J. Gottlieb's signature earlier today, which reveals and mischaracterizes recent privileged communications between her husband and apparent agent, Allen B. Gottlieb, and me (most of my communications with Mrs. Gottlieb go through Mr. Gottlieb).

  Because of my ethical limitations, I will not fully respond to the letter Mrs. Gottlieb has purportedly signed or the substance of privileged communications I had with her through Mr. Gottlieb, who acts as her agent in dealing with me.  I will acknowledge, however, that I declined, during a phone call with Mr. Gottlieb, to file the motion to which Mrs. Gottlieb refers in her purported letter.  Mr. Gottlieb told me his wife nevertheless planned to file the application anyway and emailed me a copy of what she planned to file.

  It included a proposed order in which Mrs. Gottlieb requested that if her application were granted, any funds should be released directly to her.  That request was inconsistent with Mrs. Gottlieb's agreement with me.  Specifically, on February 21, 2016, Mrs. and Mr. Gottlieb both signed an engagement letter I had drafted, which included this language:

Hon. Loretta A. Preska
May 30, 2023
Page 2

> We agree that any released funds shall be released only to me as your attorney and that any such released funds shall he deposited immediately into my attorney escrow account. . . . You authorize me to pay . . . any outstanding legal fees . . . that may become due and owing out of any such releases of such funds or any releases of a portion of such funds. . . . You also authorize me to file a lien against the remaining restrained funds up to the amount of any outstanding and unpaid legal fees, expenses and disbursements and further authorize me to pay any outstanding legal fees, expenses and disbursements out of any funds turned over to me pursuant to any such lien.

I told Mr. Gottlieb that if his wife were going to make this application in the form indicated in the version he had emailed me, it would require me to weigh in on how the funds should be released (if any were to be released). I suggested that could be avoided if she worded her application and proposed order in a manner that would not require me, essentially, to object or to propose a counter order with respect to the procedure for releasing any funds. She apparently decided not to do take that advice, assuming Mr. Gottlieb passed it along to her, which now prompts this response.

I take no position with respect to Mrs. Gottlieb's independent application except to agree that she is generally entitled to release of all the funds based on the applications I have already filed on her behalf but if your Honor decides to grant this one by her in whole or in part, I respectfully request that any release of funds be done in accordance with the terms to which Mrs. Gottlieb and her husband agreed in 2016, by releasing them to me for immediate deposit into my escrow account. Lest the record remain unaddressed, I also reject the rest of the accusations Mrs. Gottlieb purportedly makes about me.

I thank your Honor for considering this request.

Respectfully submitted,

Alexander E. Eisemann

cc:   Christy White, Esq.
      (via ECF)
      Mrs. Phyllis J. Gottlieb
      Mr. Allen B. Gottlieb
      (both by email)