UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

-against-

ALLEN B. GOTTLIEB, ET AL.,

    Defendants.

---

No. 98-CV-2636 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

  Before the Court is Mrs. Gottlieb's letter, dated May 27, 2023, asserting that her purported pending motion to dismiss this action, filed on July 12, 2021, should be granted. (Dkt. no. 456.) Mrs. Gottlieb asserts that this "motion" is unopposed and that the Court should grant her motion to dismiss "pursuant to Fed. R. Civ. P. 3.01"[1] and release to her the proceeds held in the Court's registry. (Id.) The SEC submitted a letter, dated June 2, 2023, responding to and opposing Mrs. Gottlieb's May 27, 2023 letter. (Dkt. no. 457.) The Court assumes that Mrs. Gottlieb, in her letter, is referring to the filings, dated July

---

[1] As there is no Federal Rule of Civil Procedure 3.01, the Court's best guess is that Mrs. Gottlieb is referring to Local Civil Rule 3.01(c) of the United States District Court for the Middle District of Florida, which provides, in relevant part, that if a party does not "respond to a motion to dismiss . . . within twenty one days after service of the motion . . . the motion is subject to treatment as unopposed." https://www.flmd.uscourts.gov/local-rules/rule-301-motions-and-other-legal-memorandums. The Court is, obviously, not subject to the local rules of the Middle District of Florida.

1

12, 2021, at docket numbers 352 and 353. Docket number 353 is a purported notice of motion, signed by Mr. Gottlieb alone. Docket number 352 is a 182-page screed, true to form for Mr. Gottlieb,[2] attaching 269 pages of exhibits and signed by Mr. and Mrs. Gottlieb.

As an initial matter, to the extent Mr. Gottlieb brought the July 12, 2021 motion, it was improper because "a non-attorney cannot represent someone else pro se." N.Y. ex rel. Fox v. Fed. Bureau of Prisons, 08-CV-4816 (SLT), 2008 U.S. Dist. LEXIS 99245, at *1 (E.D.N.Y. Dec. 5, 2008) (quoting United States v. Robinson, No. SA-06-MC-781-XR, 2007 U.S. Dist. LEXIS 14853, at *3 (W.D. Tex. Mar. 1, 2007)).[3] Mr. Gottlieb cannot represent or submit anything on behalf of Mrs. Gottlieb.

Nor could Mr. and Mrs. Gottlieb get around this by having Mrs. Gottlieb sign the papers herself. As the Court already informed Mrs. Gottlieb on March 2, 2017, "the Court will not accept submissions from parties on a pro se basis . . . [if] the parties are represented by counsel" and specifically barred Mrs. Gottlieb from "fil[ing] pro se papers during the course of Mr. Eisemann's representation." (Dkt. no. 270 (citing Gonzalez v.

---

[2] For a general sense of Mr. Gottlieb's modus operandi, see dkt. nos. 106, 403, 415.

[3] Though Mr. Gottlieb was educated as an attorney and practiced for a period of time, he was disbarred in 1999. In re Gottlieb, 257 A.D.2d 121, 122 (1st Dep't 1999).

J.P. Morgan Chase Bank, N.A., 2017 WL 564678, at *1 (S.D.N.Y. 2017); United States v. DiPietro, No. 02 CR 1237 (SWK), 2007 WL 3130553, at *1 (S.D.N.Y. Oct. 17, 2007); Mitchell v. Senkowski, 489 F. Supp. 2d 147, 149 (N.D.N.Y. 2006)).) Indeed, the rights of self-representation and representation by counsel "cannot be both exercised at the same time." United States v. Mitchell, 137 F.2d 1006, 1010 (2d Cir. 1943). As such, to the extent Mrs. Gottlieb purported to file the July 12, 2021 motion on her own behalf, she was not permitted to do so.[4]

Furthermore, even if she were allowed to file it, Mrs. Gottlieb's purported "motion" is, effectively, a supplemental filing regarding the release of the proceeds held in the Court's registry. But Mrs. Gottlieb, through her counsel, filed opening papers seeking the exact same relief (dkt. nos. 319-325), which the SEC responded to (dkt. no. 330), and which Mrs. Gottlieb further supported with a memorandum of law in reply (dkt. nos.

---

[4] Though it is unclear, it seems as though Mrs. Gottlieb purports to wish to proceed pro se moving forward (or, the Court suspects, allow Mr. Gottlieb to ghost-write for her and inundate the Court once more with meritless and repetitious filings). The Court cautions Mrs. Gottlieb that it would be unwise to proceed pro se and exceedingly unwise to engage in similar conduct to Mr. Gottlieb, as she may face similar sanctions, including a filing bar. Nonetheless, it is Mrs. Gottlieb's right to proceed pro so if she wishes to do so. If Mrs. Gottlieb unequivocally moves to discharge Mr. Eisemann and proceed pro se, the Court will entertain the request. This is the one and only motion Mrs. Gottlieb may make pro se while represented by counsel.

348-51). In this Court, "[l]itigation, including motion practice, is an ordered process. Local Civil Rule 6.1 provides for opening papers, opposition papers, and reply papers, in that order." Paravas v. Cerf, 21-CV-7463 (RA) (BCM), 2022 U.S. Dist. LEXIS 12352, at *4 (S.D.N.Y. 2022). Additional papers, filed without authorization from the Court, can be disregarded as unfair to the opposing party. See id. Requiring the SEC to respond to both the motion filed by Mrs. Gottlieb's counsel and a rambling, baseless 451-page supplemental submission would be the epitome of unfair.

As such, Mrs. Gottlieb's May 27, 2023 request (dkt no. 456) and, to the extent necessary, her July 12, 2021 "motion" (dkt. no. 353) are DENIED. The Clerk of the Court is directed to close the open motion at docket number 353.

SO ORDERED.

Dated:   New York, New York
         September 27, 2023

_____
LORETTA A. PRESKA
Senior United States District Judge