```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| S.E.C.,<br><br>             Plaintiff,<br><br>-against-<br><br>Stewart, et al.,<br><br>             Defendants. | 98 Civ. 2636 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

On February 21, 2024, the Court entered an order directing the Gottliebs to retain new counsel within 30 days and to confer with the S.E.C. to propose a joint briefing schedule no later than April 3, 2024. (Dkt. no. 516.) On April 4, 2024, counsel to the S.E.C. informed the Court that the parties had not conferred regarding a proposed briefing schedule, and the S.E.C. subsequently proposed its own briefing schedule. (Dkt. no. 520.)

On April 5, 2024, the Court entered an order (1) amending Mr. Gottlieb's filing bar, to the extent that the Gottliebs choose to proceed pro se, to permit Mr. Gottlieb to file only moving and reply papers relating to the instant motion, and (2) directing the parties to confer and submit a joint briefing schedule to the Court no later than April 12, 2024. (Dkt. no. 521.) On April 6, 2024, Mr. Gottlieb opposed the establishment of any briefing schedule pending resolution of his appeal and petition for a writ of mandamus. (Dkt. no. 523.)

Because the Gottliebs have elected not to confer with counsel to the S.E.C. regarding a joint briefing schedule, and because the Gottliebs have had nearly two months to retain new counsel since Mr. Eisemann's withdrawal, the Court now adopts the briefing schedule submitted by the S.E.C., subject to a one-week extension of the proposed deadlines.

Mrs. Gottlieb shall file her brief on the issue of her dollar value contributions to the relevant funds, consistent with the S.D.N.Y. Local Rules and this Court's Individual Practices, no later than May 10, 2024.  The S.E.C. shall file its opposition no later than May 24, 2024.  Mrs. Gottlieb shall file any reply no later than May 31, 2024.  Failure to file timely submissions that comply with this Court's orders, its Individual Practices, and the S.D.N.Y. Local Rules may result in the Court's striking noncompliant filings or portions thereof.

Additionally, in his April 6 letter, Mr. Gottlieb requested the release of a portion of the disputed funds to Mrs. Gottlieb so that, if Mrs. Gottlieb later chooses to retain counsel, she may compensate counsel from the disputed funds.  This request is denied.  Not only are the requested funds the subject of the instant dispute, but the Gottliebs have not demonstrated why the release thereof is even necessary.  In fact, the Gottliebs have not even indicated whether they plan to retain counsel or proceed pro se.  In any event, the Court receives monthly summaries

2

detailing the Gottliebs' income and expenses, and the information provided therein separately confirms that the Gottliebs have income available to them to retain counsel should they choose to do so.

Accordingly, the Gottliebs' request for the release of disputed funds is denied. The parties shall submit their briefing by the deadlines established in this Order.

**SO ORDERED.**

Dated:   New York, New York
         April 15, 2024

_____
LORETTA A. PRESKA
Senior United States District Judge