```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| Securities and Exchange Commission,<br><br>                  Plaintiff,<br><br>-against-<br><br>George Wallace Stewart, et al.,<br><br>                  Defendants. | 98-CV-02636 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of the following documents: (1) the Securities and Exchange Commission's (the "Commission") request for a pre-motion conference regarding the Commission's motion in limine to exclude testimony from Intervenor-Claimant Alexander Eisemann's witness, John Romley (dkt. no. 565); Mr. Eisemann's response (dkt. no. 569); the Commission's reply (dkt. no. 570); Mr. Gottlieb's letter (dkt. no. 571); and Mr. Eisemann's letter (dkt. no. 573).

    The Court treats the Commission's letters as a motion in limine and Mr. Eisemann and Mr. Gottlieb's responses as oppositions. For the reasons set out below, the Commission's motion in limine is GRANTED in part and DENIED in part without prejudice.

    The market value and the economic value of Mrs. Gottlieb's contributions are both the subject matter of the Court's upcoming hearing. Mr. Romley's testimony will undoubtedly assist the Court

in determining "the dollar value of Mrs. Gottlieb's direct contributions to the family and the two properties that funded the Aventura Property purchase." (Dkt. no. 433 at 22.) The Court indicated in its February 7, 2023 decision that it will consider "evidence of what a professional performing a similar service to those provided by Mrs. Gottlieb would have earned for similar outcomes." (Id.) Therefore, Mr. Romley shall testify as to the "replacement cost approach," which "estimates what it would cost to obtain a similar amount of skilled or unskilled labor from the market." (Dkt. no. 569 at 1.)

However, Mr. Romley shall not testify about the "foregone earnings approach," which "estimates wages lost due to caregiving." (Id. at 2.) This calculation is irrelevant and prejudicial because it confuses the issue at hand. Fed. R. Evid. 403. The Gottliebs made the decision to have Mrs. Gottlieb stay at home and care for their son. Therefore, Mrs. Gottlieb's direct contribution to the family is not calculated by determining a hypothetical amount that she could have earned but rather is calculated by estimating the cost for the jobs she actually performed.

Mr. Romley's expert knowledge in conjunction with his review of pertinent exhibits and communications with the Gottliebs will allow him to provide helpful testimony to the Court. To avoid any prejudice to the Commission, the Court adjourns the hearing.

2

For the foregoing reasons, the Commission's motion in limine is GRANTED in part and DENIED in part without prejudice. Mr. Romley shall testify at the hearing but only as to the "replacement cost approach" and not as to the "foregone earnings approach." The Court adjourns the hearing to February 10, 2025, at 11:00 a.m. to ensure Mr. Eisemann makes the proper expert witness disclosures, including that Mr. Eisemann produce Mr. Romley's report by January 21, 2025, and the Commission has time to prepare, including taking Mr. Romley's deposition, if it wishes to do so.

The Clerk of the Court is directed to close dkt. no. 565.

**SO ORDERED.**

Dated:   New York, New York
         January 17, 2025

_____
LORETTA A. PRESKA
United States District Judge