UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Securities and Exchange Commission,<br><br>      Plaintiff,<br><br>-against-<br><br>George Wallace Stewart, et al.,<br><br>      Defendants. | 98-CV-02636 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

  The Court is in receipt of the following documents: (1) Mr. Eisemann's motion for reconsideration of the Court's order entered January 17, 2025, (dkt. no. 575), (dkt. nos. 576, 577); (2) the Securities and Exchange Commission's (the "Commission") opposition (dkt. no. 579);[1] the Gottliebs' letters in support of the motion for reconsideration (dkt. nos. 581, 582, 585); and Mr. Eisemann's reply (dkt. no. 584).  For the reasons set out below, Mr. Eisemann and the Gottliebs' motion for reconsideration is DENIED.

  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce

---

[1] The Commission is reminded of Rule 1.A. of the Court's Individual Practices, which requires 14-point type for both text and footnotes.

judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). In this jurisdiction, motions to reconsider are generally denied "unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Nakshin v. Holder, 360 F. App'x 192, 193 (2d Cir. 2010) (citation omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotations and citations omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." In re Eur. Gov't Bonds Antitrust Litig., No. 19 CIV. 2601 (VM), 2022 WL 2168358, at *3 (S.D.N.Y. June 16, 2022) (quoting Shrader, 70 F.3d at 257).

Mr. Eisemann states that "[t]he Court misapprehended that interplay between both approaches [the replacement cost approach and the foregone earnings approach] - understandably, because it had not been briefed on them – when it limited the scope of Professor Romley's testimony." (Dkt. no. 577 at 2.) He explains that the forgone earnings analysis is relevant to the replacement

2

cost analysis because "in determining the cost of what others would have charged to provide the level of services that Mrs. Gottlieb did, for example, her past earning power is a proxy for her overall skill level." (Id. at 1-2.)  The Court is unpersuaded.  Mrs. Gottlieb's skills relating to home renovation and publishing are hardly skills that are relevant to the caretaking of her son. Additionally, Mr. Eisemann's threat of appeal is not a basis for reconsideration.  The Court will not spend hearing time to receive testimony it has deemed irrelevant just to "create a complete record upon which the Second Circuit might analyze this issue." (Dkt. no. 577 at 2.)

Mr. Eisemann and the Gottliebs do not point to any legal basis for reconsideration but rather attempt to take "a second bite at the apple."  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (stating that reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (quotations and citation omitted)).  Accordingly, Mr. Eisemann and the Gottliebs' motion for reconsideration is DENIED.  The Clerk of the Court is directed to close dkt. nos. 576, 581 and 582.  **SO ORDERED.**

Dated:   New York, New York
         February 3, 2025

*Loretta A. Preska*
_____
LORETTA A. PRESKA
United States District Judge