UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RECEIVED
FEB - 5 2025
PRO SE OFFICE

_____ .

S.E.C.                                   .

           Plaintiff,            .          <u>1-98-98-cv-02636 (LAP)</u>

Vs.                                      .
    George Wallace Stewart, Et Al.     .

          Defendants            .

_____ .

## <u>OPPOSITION TO SEC'S MOTION TO PREVENT INFORMATION FROM REACING THE COURT AND TO PREVENT RECONSIDERATION</u>

1. Phyllis J. Gottlieb, pro se and Allen B. Gottlieb, pro se have joined the Motion to prevent the SEC's attempt to deny Professor John Romley's exculpatory testimony from reaching the Court on the grounds that the Court has the wisdom and ability to determine the relevancy and importance of Phyllis's contributions to the family and to their physical properties.

2. However, in my opinion there is a <u>third</u> and far more valuable contribution called a Mother's inspiration, that guides and teaches morality, ethics, self-worth, dignity, the rewards of hard work and respect and love of God which builds a child's "well-being", for which there are no monetary comparisons

nor measure in dollars and cents for the worth and value of a Mother as a role model because these lessons remains with us forever.

3.  Whether it is fashioned as "replacement cost" of $2,428,654 or "foregone earnings" of $5,476,25, while these analyzes are all extremely relevant information they are far from being determinative as to Phyllis being the lawful owner and entitled to own her own home.

4.  The dollar contributions provided by Professor Romley all surpass any narrative pertaining to financial contributions as the barometer to prove ownership.  However, need we forget the importance of being a wife for 50 years, running the business of a household and also being the mother and caretaker of two children for 32 years, should be more than sufficient in and of itself to sustain the commonsense objective evaluation of entitlement to sustain a level of comfort above what is normally required to prove ownership by documentation.

5.  If monetary contributions were the exclusive threshold required to prove ownership this would set a precedent that would disenfranchise homeownership for millions of homemakers, men and women, in a flash.

6.  It is unjust to force Phyllis to jump through hoops to prove her lawful title and ownership when the Court's records are overwhelmed with deeds of title

filed by licensed attorney's and notarized for credibility. For hundreds of years documents have served the legal profession, banks and mortgage lenders and insurance companies as the legal standard to prove ownership.

7. There is no applicable legal precedent that would deny an innocent wife and loving mother the right to own her own residence upon presentation of proper documentation especially accompanied by ab Affidavit of a Trust and Real Estate attorney affirming Phyllis sole ownership that also states that Allen has no ownership interest, dominion or control over the corpus of Phyllis's Living Trust, her Homestead residence!

8. The SEC is concerned that Phyllis was a non-contributor and required her to show that her contributions exceeded $400,000 even though that is not the law to prove ownership. However, Phyllis's contributions were identified in her reconsideration response, Dkt. 440-1, as being as much as 10 times that amount and minimally 6 to 12 times that amount by Professor Romley.

9. All documents prove that Phyllis was the sole owner of her Homestead when it was sold in 2015. SEC failed to provide a single credible document in 10 years and therefore they have no standing to question Phyllis's documents without which Phyllis's case should have been dismissed 10 years ago.

10. All documents prove that from 1974 to 1994, that Phyllis was an owner of all Gottlieb family real estate as a "tenant by the entirety" with her husband who quit claimed his jointly held interest in two properties to Phyllis in 1994 making her the sole owner, instead of a joint owner.

11. Phyllis wore many hats and assumed multiple jobs and responsibility during the 50 years of her marriage which incorporated 32 years of caring for their children and the well-being of their family, as well as being a partner with her husband in his businesses and the editor-in-chief of several successful publications which also was confirmed by Professor Romley's findings.

12. Commonsense dictates that there is "No harm in listening" to Professor Romley. I must remind the SEC that the years of "woke" are over and transparency has returned to its former glory.

## NEW YORK LACKS LAWFUL JURISDICTION OVER PHYLLIS'S FLORIDA TRANSFERRED HOMESTEAD CASE

13. For 10 years, we have struggled to obtain a ruling on the lack of New York personal jurisdiction over Phyllis's and subject matter jurisdiction over Phyllis's $817,000 in Florida Homestead proceeds in her transferred Florida Homestead case!

14. We have objected to jurisdiction on the grounds that the SEC failed to provide a single credible document to meet the critical statutory precondition requirements and the high level of evidence required to toss a family of four with a profoundly disabled child into devastating homelessness and to keep them homeless for **3,500 days** without meeting the precondition requirements for this draconian punishment when the case should have been dismissing shortly after being transferred to New York for the following reason: **(1)** The SEC failed to object to the controlling Florida Constitution and Homestead laws nor plead any of the exceptions in 10 years. The Florida Homestead laws prohibits the depletion of Phyllis's Homestead sales proceeds by an "unsecure" judgment which is totally feckless and was not against Phyllis, an innocent spouse, but was against Allen. These actions were taken with malice aforethought by perverting the facts and deceiving the public and by unduly influencing Phyllis's attorney the SEC successfully seized Phyllis's protected Homestead sales proceeds, $817,000 for 10 years without a single credible document nor meeting the applicable statutory precondition requirements. **(2)** 28 U.S.C. 2462 expired in 1996 however, Phyllis was served in Florida in 2015 19 years after it expired. **(3)** The SEC failed to provide the level of evidence required under 28 U.S.C 1404(a) to

disturb Phyllis's choice of Florida Venue because the cases were totally "un-related" and they failed to support the SEC's frivolous claim of "alter ego" and the underline impossibility of their erroneous claim of "ill-gotten gains".  **(4)** The SEC failed to provide sufficient evidence on the face of the application to support CPLR 5222(b), **Prior** to seizing Phyllis's $817,000 in protected Homestead proceeds. **(5)** The failure of our attorney to provide legal representation to Phyllis when he failed to follow instructions and pleaded "tenants by the entirety" instead of Florida's broad and powerful winning Constitutional Homestead protections because they also prevent legal fees from depleting Phyllis's Homestead sale proceeds. **(6)** The expiry of 28 U.S.C. 3201 on January 15, 2023, thus making the ruling of February 7th 2023, to give away one-half of Phyllis's protected Homestead Sales proceeds without statutory authority and without jurisdiction.  The Court with great prejudice to Phyllis and the Gottlieb family has failed to return Phyllis's unlawfully seized Homestead proceeds since **28 U.S.C. 3201 Expired by Two years and Ten Years without jurisdiction. (7)** Phyllis was denied her constitutional rights and protection to due process and equal protection under the law.

15. However, just for this brief moment, without prejudice to all our other objections, we would like to engage with the discussion directed at the lack of New York Jurisdiction on the grounds, that the mere addition of Phyllis Gottlieb's name to the Cover Page of 98-Civ-2636 (LAP) as an "interested person" in 2015, which is 12 years **after** that case closed in 2003, fails miserably to manufacture New York Jurisdiction because none still exists.

16. To be fair and just, the Court must consider the fact that when Phyllis met Allen he was 31 years old and had not accumulated any wealth before they were married in 1974. Phyllis and Allen have been equal partners in life, marriage and in business for 50 years during which time they each individually and jointly contributed to the accumulation of some wealth for the benefit of their family and to enhance their families living facilities as a consequence of hard work over the course of their 50 years partnership.

17. From 1974 through1994 Phyllis was a joint owner of all Gottlieb family properties as a "tenant by the entirety". In 1994, when Allen was released from the hospital with a diagnosis of another heart attack and possible death. Phyllis and Allen consulted with their attorney who recommended a quit claim of the two properties to Phyllis making her the <u>sole owner</u> to avoid the complexities of probate. At that time Phyllis and Allen were already happily

married for 20 years, Jesse was born with Down Syndrome and Phyllis was in her last month of pregnancy with Rachel. Allen did what any lover husband and caring father would do to protect his family.

18. In 1994 the Gottliebs had no creditors other than ordinary household bills and Allen's 2003 judgment was 9 years away and the SEC was a non-entity.

19. Neither Allen nor Phyllis came into their relationship with any significant savings. Therefore, any money that was earned over the next 50 years was as a consequence of Phyllis's and Allen's joint efforts and hard work. It did not happen overnight and it did not happen as a result of nefarious activities.

20. There are no applicable Federal statutes that have **not** expired long before Phyllis was served process in Florida in 2015. Allen 1994 and 1998 securities cases have no relationship to Phyllis's 2015 Florida Homestead case that is separated by a 1,000 miles and two decades and because Phyllis was never a party nor even a witness to either case. Clearly, the SEC's actions by adding Phyllis's name as an "interested party" was to strictly to deceive the public and to circumvent the statutory requirements of 28 U.S.C. 2462, 28-civ-1440(a) and CPLR 5222(b) as a means to unlawfully gain jurisdiction over Phyllis and her $817,000 in protected homestead sales

proceeds, but deception and fraud cannot invent jurisdiction which still does not exist!

21. There are no special circumstances that exist by which the Court can extend and statute of limitations exposé facto.  As such, there is no lawful way to obtain New York personal and/or subject matter jurisdiction over Phyllis or over her  Florida Homestead Sales Proceeds 19 years later.

22. The SEC's intentional deception by adding Phyllis's name as an "interested party" just for the purpose of deceptive and willfully designed to circumvent the statutory requirements to transfer her Florida case to New York as a "related case" but without providing the requisite supporting documentation to establish the "same parties" and the "same causes of action", that Phyllis was an "alter ego" and utilized Allen's "ill-gotten gains" in 2015 to purchase her Aventura Homestead which was an **impossibility** because Allen returned $350,000 in legal fees **without** a finding of "ill-gotten gains" in case 94-Civ-3034(LAP) in 1995.  Clearly, the SEC's erroneous and perhaps fraudulent claims cannot be ignored because it was unlawful and evil to deprived 4 members of the Gottlieb family of 10 years each, a total of 40 years of underserved punishing consequences that must be corrected immediately.

23. The SEC's failure to provide a single credible document to meet the critical precondition requirements to overcome the controlling Florida Constitution and Homestead laws, nor any of the applicable statutes such as 28 U.S.C. 2462, 28 U.S.C. 1404(a), 28 U.S.C. 3201, nor CPLR 5222(b) is a travesty of justice for which the SEC should be severely punished and Phyllis's case dismissed because the SEC is not above the law.

24. The SEC got away with murder for 10 years without providing a scintilla of evidence to support any of their erroneous deceptions and never obtained lawful New York jurisdiction!

25. There is no precedent for the SEC's unilateral invasion of public records, without even a hearing, for the sole purpose of deception upon the public when the case ended 12 years ago. Therefore the SEC should be sanctioned and not rewarded with jurisdiction because jurisdiction cannot be invented nor manufactured when none exists and still does not exist!

26. The SEC has abused their credentials to the extreme, because Phyllis was never a party, nor even a witness in Related Case 94-civ-3034 (LAP), nor 98-Civ-2636 (LAP). Therefore, Phyllis cannot be an "interested person" under any circumstance nor any stretch of the imagination because the underlying case against Allen, 94-civ-3034 (LAP) was closed in 1995,

dismissed and settled without **prejudice** and without a finding of "ill-gotten gains" or any wrongdoing. The statute of limitations, 28 U.S.C. 2462 expired in 1996, 19 years before Phyllis was served in Florida in 2015.

27. Therefore, New York jurisdiction over Phyllis nor over her protected Homestead Sales Proceeds was never achieved and could not be accommodated without an act of Congress to change the intent and spirit of these statutes that have been obfuscated for 10 years!

28. Additionally, the Court would have to rule that Jurisdiction is a "nothing burger", a "toothless tiger" for the SEC to achieve lawful jurisdiction. There is no jurisdiction in "hocus pocus". The rule of law demands compliance to the critical precondition statutory requirements to establish jurisdiction and anything would annihilate Phyllis's civil rights.

29. The SEC cannot write new Federal Law! The SEC is not Congress! The SEC cannot obtain lawful jurisdiction over Phyllis where none exists just by misidentifying her as an "interested person", which is pure folly.

30. Without any meaningful definitive of "interested person", anyone in the world, alive and dead, could fall victim under that anonymous description which certainly does not support the requirement for a "related case" or overcome the requirement for jurisdiction.

31. Loose and meaningless words used for deception and circumvention of the rule of law fail to "cut the mustard"! They do not and cannot be used to establish lawful jurisdiction where none exists, nor do they have the authority to deny Phyllis the opportunity to argue her meritorious objections that to date have denied Phyllis her constitutionally guaranteed rights to due process and equal protection under the law.

32. Objecting to jurisdiction is not straying beyond the limits of the February 10th, 2025, Hearing because the Order itself encourages the introduction of those Documents and of course its contents that are referred to herein below.

33. Those documents substantiate that New York Lacks personal jurisdiction over Phyllis and lacks subject matter jurisdiction over her $817,000 of protected Florida Homestead sales proceeds dating back to 2015. Without jurisdiction then everything that has occurred to harm Phyllis and her family for the last **3,500** days was without lawful jurisdiction to this date. Without lawful Jurisdiction the Court's rescheduled hearing for February 10, 2025, lack the authority to proceed. We therefore respectfully request that the Court dismiss Phyllis's transferred Florida case and return her $817,000 in Homestead proceeds including an order for the return of $56,428 paid to Eisemann.

## THE DOCUMENTS PERMITTED IN ORDER #556 FILED 12/17/2024.

34. The **Order, Dkt #556**, includes the following documents that support our objections to New York jurisdiction that still remain without a response for an inordinate amount of time, 10 years, thus it fully supports our Motion to dismiss Phyllis's case for lack of jurisdiction and/or pursuant to **Rule 3.01.**

35. **Dkt. 538**. This document dedicates the first 3-plus pages with a comprehensive explanation that the enormous financial contributions Phyllis made during the 50 years of marriage and 32 years of caring for Jesse and Rachel saved the Gottlieb family millions of dollars as a result of Phyllis's unselfishly giving up her dreams and aspiration of working in the fashion industry but instead accepting the responsibility to care for Jesse herself because he was born with profound complications of Down Syndrome and required her help 24 hours a day, 7 days a week which continues till today.

36. Page 4, "The Case against Phyllis must be dismissed for lack of New York Jurisdiction – Denied Due Process and Equal Protection"

37. Page 4. 28 U.S.C. 2462 expiration in 1996, 19 years before Phyllis was served in Florida in 2015.

38. Page 5. Proof of Phyllis's sole ownership by recorded deeds and Neil Milestone's Affidavit.  The failure of the SEC to meet the statutory

requirements of 28 U.S.C.1404(a) based upon a false narrative of Phyllis

being an "interested party". The SEC's failure to meet the statutory

requirements of CPLR 5222(b) **Prior** to seizing Phyllis's Homestead sales

proceeds. The **impossibility** of "ill-gotten gains" to purchase Phyllis's

Aventura Homestead because Allen returned his $350,000 of lawfully earned

legal fees without a finding of "ill-gotten gains" or any wrongdoing and the

Related case 94-Civ-3034(LAP) was dismissed and settled with **Prejudice.**

39. Page 6. SEC waived rights to claim "alter ego". Doctrine of Stare Decisis

preventing relitigation. Protection offered to Phyllis by the controlling

Florida Constitution and Homestead laws and due process protections

denied.

40. Page 7. Ineffective Counsel.

41. Page 8. Requirement to Return Phyllis's $817,000 in Homestead protected

Sales proceeds including $56,428 paid to Eisemann from Homestead

proceeds.

42. **Dkt. 552.** "Comprehensive response". Is a reiteration of objections lodged

in Dkt. 538. But includes additional material.

43. Page 6-7. 28 U.S.C. 3201 expiring on January 15, 2023, which is 3-weeks

prior to the Feb. 7th ruling to give-a-way one-half of Phyllis's Homestead

proceeds thus the ruling is without statutory and without jurisdiction. **Dkt. 440, 440-1, 446 and 448** in Response to Reconsideration clearly showing Phyllis's contributions were enormous and she was not a freeloader.

44. Page 8. SEVERAL Moving and Reply papers were not recorded on PACER even though they complied with the Court's orders. Phyllis repeats her objections to the lack of New York jurisdiction based upon the applicable statutes, 28 U.S.C. 2462, 28 U.S.C. 1404(a), CPLR 5222(d), 28 U.S.C. 320, Florida's controlling Constitution and Homestead laws and being denied due process.

45. Page 9. We beg the Court for finality after being subjected to devastating homelessness for 9 years (now 10) and request the Court to return Phyllis's $817,000 in Homestead protected Sales proceeds including $56,428 paid to Eisemann from Homestead proceeds.

46. **Dkt. 554**. "Application to dismiss based upon **Rule 3.01**" and the attached Order to release the Homestead proceeds that remain in the registry to Phyllis's attorney, Neil Milestone, esq. to prevent being commingled because they are homestead and will be used to buy another Homestead.

47. Page1-2. Request the Court to dismiss the case for lack of personal and subject matter Jurisdiction and to rule on the merits of the case that lacks

jurisdiction and to dismiss Phyllis case pursuant to **Rule 3.01** as a result of

the SEC's failure to oppose the controlling Florida Constitution and

Homestead statute protections and those additional statutes that were

mentioned in Dkt. 552, 28 U.S.C.2462 and 28 U,S,C 3201. To return

Phyllis's $817,000 in Homestead protected Sales proceeds including

$56,428 paid to Eisemann from Homestead proceeds.

48. **Dkt 555.** "Response and follow up Support Application to dismiss based

upon Rule **3.01.**" Request to incorporate Dkt. 552 and 554 and all other

evidence submitted since 2015 and to dismiss Phyllis case pursuant to Rule

3.01 and end the misery, pain and suffering the Gottliebs have sustained over

the last 10 years that are lost forever and can never be recovered.

49. A) Page 3-5. "Reconsideration Motion Response – to substantiate that

Phyllis was not a Freeloader", noting Reconsideration Motions Dkt. 440,

440-1, 446 & 448 to substantiate Phyllis was not a freeloader. Noting

Eisemann's **Dkt. 540** for its probative value of Phyllis's $5.7 Million in

contributions to the Gottlieb family over 50 year marriage and 32 year of

caring for Jesse's with his profound disabilities, plus $2.5 Million Gross

earnings as a result of Phyllis's talents and dedication to improving the

family properties plus Phyllis's job as partner and editor-in-chief of a large

publishing company for several successful magazines including Florida's largest life-style magazine and only Fashion Magazine.

Page 5/6. Expiry of 28 U.S.C. 3201 on January 15, 2023, 3-weeks prior to giving-a-way one-half to the SEC on February 7th, 2023, thus without statutory authority and without New York jurisdiction.

50. Page 7. "Return of Phyllis's $817,000 Homestead proceeds".

51. Page 8. Phyllis's attorney Alexander Eisemann, Esq. unscrupulous behavior by refusing to follow instructions and pleading "tenants by the entirety" instead of rightfully pleading the winning Florida Constitution and Homestead statute that permitted him to take legal fees from Phyllis's protected Homestead proceeds that are prohibited by Florida Supreme Court case *Demayo vs. Chames* on the basis of falsely claiming they were "tenants by the entirety", instead of pleading Homestead. By pleading "tenants by the entirety", Eisemann worked against his clients best interest and assisted the SEC, who approved paying their opposition counsel $56,428 over Phyllis's vigorous objections (?) was an horrendous betrayal because now the same Homestead prohibition that prevented Eisemann from depleting Homestead proceeds was wrongly ignored and as a result Phyllis was subject

to collateral attacks from the SEC that never existed before Eisemann

improper pleading of Tenants by the entirety instead of Homestead.

52. Page 9-10. 28 U.S.C. 2462 expiration in 1996 and the failure of the SEC to

provide a single credible document to meet the critical precondition

requirements of 28 U.S.C. 1404(a) and CPLR 5222(b).

53. Page 10. Florida Statute of limitations, 55.081 also expires in 20 years

(January 15, 2023).

54. Page 11-14. Expiry of 28 U.S.C. 2462 in 1996. CPLR 5222(b) – Allen was

never a "fugitive" and Phyllis was never an "alter ego" by requesting

reconsideration of the events that failed to provide exculpatory evidence,

etc., in case 98-Civ-2636 (LAP) to gain lawful jurisdiction.

55. Page 15-16. Impossibility of Phyllis using ill-gotten gains to purchase her

Aventura Homestead because Allen returned his lawfully earned Legal Fees

of $350,000 in 1995 without a finding of ill-gotten gains nor any

wrongdoing and case 94-Civ-3034 (LAP) and that case was dismissed and

settled with prejudice. Therefore, the entire action against Phyllis was a **legal**

**nullity** and her Florida transferred case lacks New York jurisdiction and

must be dismissed as a result of impossibility and her $817,000 returned.

The SEC's attempt to deceive the public by adding Phyllis's name as an

"interested person" 12 years after case 98-Civ-2636 (LAP) closed does not

provide jurisdiction. The SEC attempted to deceive the public and

circumvent the controlling law and applicable statutes by making it appear

they actually met the critical elements of CPLR 5222(b) **prior** to seizing

Phyllis's Homestead proceeds, even though they didn't, the resorted to

unlawful acts of deception so they could make it appear as though Phyllis

was an "alter ego" by intentionally circumventing the law in the face of

impossibility. .The only unlawful event occurred when the SEC's unlawfully

seizing of Phyllis's protected $817,000 in Florida Homestead sales proceeds

without jurisdiction and without any credible evidence, which is the

equivalent to committing a crime by abuse of power under color of law.

56. Page 17-18. "Doctrines against relitigation – Stare Decisis" plus other

doctrines meant to prevent relitigation that would enforce being a **non-**

**related to** case 94-civ-3034 (LAP) that was dismissed and settled with

prejudice in 1995. We beg the Court to end the undeserved devastation of

homelessness that the family has been subjected to for 10 years and dismiss

the case against Phyllis and return Phyllis's $817,000 in Homestead

protected Sales proceeds including $56,428 paid to Eisemann from

Homestead proceeds.

## IN CONCLUSION

Phyllis Gottlieb, pro se and Allen Gottlieb, pro se, respectfully request that the Court accept Professor John Romley's testimony as well as accepting Phyllis's Reconsideration Motion at 440-1 together with the deeds of ownership that proves Phyllis has lawful title and sole ownership as per the public and court records clearly confirm that Phyllis was the sole owner of her Aventura Homestead in 2015 when it was sold, and to consider all other relevant Documents submitted now in accordance with your order, Document 556 on 12/1/2024.

Clearly, the evidence is overwhelming in support of the fact that Phyllis was never a free loader and that she worked diligently over a 50-year period as a wife and partner with her husband and as a diligent worker as partner and editor-in-chief of their Publishing company and most importantly as a mother to both of the Gottlieb children, including the special care that was provided to Jesse to help him overcome the many problems he would face as he matured.

We also write respectfully and state that the SEC failed to obtain lawful New York personal jurisdiction over Phyllis, nor subject matter jurisdiction over Phyllis's protected $817,00 Florida Homestead Sale proceeds as propounded in our many documents including todays response to prevent a travesty of justice.

The <u>Only ill-gotten gains</u> were those unlawfully restrained by the SEC's

wicket, reckless, illicit and purposeful actions <u>not by Allen,</u> who returned his

lawfully earned legal fees in 1995, or the Court would not have issues their ruling

to dismissed and settle the case with prejudice and without costs.

We recognize the difficulty in reviewing past rulings and even more

difficulty is correcting an error is required, but Phyllis was never at fault and

suffered severely over 3,500 days forced to watch her son Jesse regress terribly

from all the confusion in his life, living like vagabonds, forced to move from place

to place, all caused by the SEC's cowardly and savage attacks that was responsible

for inflicted untold pain and suffering from which our family will never recover.

As a result of the SEC's willful cruelty and callous actions directed at an innocent

wife and helpless child, we look to this honorable Court, to exercise their

discretion and authority in good conscience

to correct these injustices!

We write respectfully, to request the Court to stop the SEC's from inflicting

any further damages upon the Gottlieb family as we remain in devastating

homelessness and have suffered unnecessarily for the last 10 years as a direct result

of the SEC's failure to establish lawful jurisdiction and by their erroneous

inclusion of Phyllis's name as an "interest person" and on the grounds that they

failed to provide a single credible document to levy that erroneous claim, nor have they ever met the critical precondition requirements of the controlling Florida Constitution and Homestead laws, plus the various other applicable statutes herein reiterated, including 28 U.S.C. 2462, 28-civ-1404(a), 28-Civ-3201, CPLR 5222(b) and the due process guarantees provided by the United States Constitution.

THEREFORE, we respectfully request the Court to dismiss Phyllis's transferred Florida Homestead case and return $817,000 in Homestead protected Sales proceeds including the $56,428 paid to Eisemann from Homestead proceeds. Respectfully submitted this 30th day of January 2025

*Phyllis Gottlieb*

Phyllis Gottlieb, pro se

Allen Gottlieb, pro se

3905 Dumfries Court, Apopka, Florida 32912, 786-557-3717, Lawconsultancy@aol.com

## CERTIFICATE OF SERVICE

Allen B. Gottlieb, pro se hereby certifies, as this documents has time concerns, we have taken the liberty to e-mail a true copy of this response to (1) Chambers of Judge Preska (2) Securities and exchange Commission, Christy White, esq. and to (3) Alexander Eisemann, Esq. and will also U.S. Mail a true copy to (4) Pro Se Intake Unit, United States District Court for Southern District of New York, 500 Pearl Street, New York City, New York 10007 E-mail to

Dated: January 30th, 2025, Apopka, Florida

Allen B. Gottlieb





*Retail*

10007

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
APOPKA, FL 32712
JAN 31, 2025

**$2.59**

S2324H502842-18



RECEIVED
FEB - 5 2025
PRO SE OFFICE

InTake Unit

District Court
Southern District New York

Courthouse

Pearl Street

York City, New York
10007



Mr. Phyllis & Allen Gottlieb
3905 Dumfries Ct.
Apopka, FL  32712-5685

Pro Se
U.S. D
S
U.S. Co
500 P
New Y