```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| Securities and Exchange Commission,<br><br>                    Plaintiff,<br><br>-against-<br><br>George Wallace Stewart, et al.,<br><br>                    Defendants. | 98-CV-02636 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of the following documents: (1) a letter from the Securities and Exchange Commission ("SEC" or "Commission") regarding motions pending before the Court and a proposed order, (dkt. no. 596); (2) a letter from Mr. Eisemann, (dkt. no. 597); (3) letters from Mr. Gottlieb, (dkt. nos. 599, 605); and (4) letters from the SEC responding to Mr. Eisemann's letter and one of Mr. Gottlieb's letters, (dkt. nos. 598, 600).

Regarding motions pending before the Court, Mr. Gottlieb alleges that the Court has not responded to many of his "motions." (Dkt. no. 596-1.)  Mr. Gottlieb's filings solely include restatements of arguments that the Court has previously found unpersuasive.  In light of the Court's prior decisions, including that the Court may reach assets otherwise protected by state law, (see dkt. no. 433), all motions are DENIED as moot.

Regarding the proposed order, reflecting the Court's February 11, 2025 decision and subsequent required actions, the SEC, Mr.

Eisemann, and Mr. Gottlieb disagree about the form and substance of the order. The Court's February 11, 2025 decision concerned whether Mr. Gottlieb is the equitable owner of the remaining half of the Proceeds thereby requiring that the Proceeds be disbursed to the SEC to, in part, satisfy the Judgment entered on January 23, 2003, (dkt. no. 85). (Dkt. nos. 601, 603.) The Court's decision is directly related to the Court's prior Judgment and therefore is entered as an order, as opposed to a judgment. Additionally, although the Court's decision is "ministerial" in part because it requires the disbursement of funds, the Court's underlying analysis was substantive in nature and thus appealable. Amara v. Cigna Corp., 53 F.4th 241, 252-53 (2d Cir. 2022). Accordingly, the Court enters the attached order, which is final and appealable.

The Court reminds Mr. Gottlieb that he is barred from filing any further papers in this matter unless they are "(1) expressly ordered by this Court or (2) addressed to the Court of Appeals." (Dkt. no. 415.) All other papers from Mr. Gottlieb that are received by the Pro Se Office or Chambers will be disregarded.

The Clerk of the Court is respectfully directed to close all open motions in this case and mail a copy of this order to Mr. and Mrs. Gottlieb.

**SO ORDERED.**

Dated:   New York, New York
         March 17, 2025

_____
LORETTA A. PRESKA
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against –

GEORGE WALLACE STEWART, ET AL.,

Defendants.

File No.
1:98-cv-02636-LAP

**ORDER AUTHORIZING DISBURSEMENT OF REGISTRY FUNDS**

On January 15, 2003, this Court entered its Judgment finding that Allen Gottlieb ("Mr. Gottlieb") violated the anti-fraud provisions of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5 ("Judgment"). The Judgment ordered Mr. Gottlieb to pay disgorgement and prejudgment interest totaling $2,005,443.54, which represented his gains from his fraudulent conduct. In addition, it imposed a civil penalty on Mr. Gottlieb in the amount of $787,333 and injunctive relief.

On July 20, 2015, in aid of execution on the Judgment, the Commission served a restraining notice on First American Title Insurance Company ("First American"), which was involved in the sale of the home in which the Gottliebs resided, located at 3234 NE 211 Terrace, Aventura, Florida 33180 ("Aventura Property").[1] (ECF No. 160). Upon the closing of the sale of the Aventura Property, First American held the proceeds ("Proceeds") from the sale and then later deposited the Proceeds in this Court's Registry. (ECF No. 290).

In the time since the Proceeds were restrained, the parties have engaged in extensive

---

[1] At the time of the sale, the Aventura Property was titled to the living trust of Mr. Gottlieb's wife, Phyllis Gottlieb.

1

motion practice and discovery about the true owner of the Aventura Property.[2] On April 13, 2021, Mrs. Gottlieb filed her Motion to release all or a portion of the funds to her on the basis that she was the Aventura Property's true owner. (ECF No. 319). The Commission responded and presented evidence that showed that Mr. Gottlieb is the beneficial owner of the Proceeds. (*See* ECF Nos. 330-331).

Thereafter, the parties filed numerous briefs and other documents related to the disposition of the Proceeds. (*See e.g.,* ECF Nos. 333, 335, 337, 348-49, 351, 440-41, 443, 446-48, 542). Nearly four years later, on February 11, 2025, after two days of testimony and arguments from the various parties, this Court ruled that Mr. Gottlieb was the Aventura Property's beneficial owner and, therefore, the beneficial owner of the Proceeds. (ECF Nos. 601, 603).

The Proceeds were previously ordered to be deposited into the Court Registry on September 28, 2017. (ECF No. 292). The entire amount of the Proceeds in the Court's Registry shall be disbursed by the Clerk of Court as follows:

1. The Clerk of the Court shall set aside $40,000 for First American for its attorneys' fees and costs as agreed and stipulated by the parties. (ECF No. 292). Such payment shall be sent to the following address once this Order becomes nonappealable:

> Alan Rubin, Esq
> First American Title
> 22 Park Place, #2Q
> Great Neck, N.Y 11021; and

2. The remaining funds on deposit in the Court's Registry shall be disbursed to the SEC and sent to the following address:

---

[2] In 2015, Mrs. Gottlieb filed a complaint in Florida state court seeking to obtain relief against the July 27, 2015 Restraining Notice, which was eventually removed and consolidated with the litigation in this Court. *See Gottlieb v. SEC*, No. 1:15-cv-23309, ECF No. 37 (S.D. Fla. December 4, 2015). In addition, in 2017, Mr. Gottlieb filed a complaint under Federal Rule of Civil Procedure 60(d)(1) for an independent action in Florida seeking to obtain relief from a different court pertaining to the Aventura Lakes Property. *See Gottlieb v. SEC*, No. 1:17-cv-21669, ECF No. 1 (S.D. Fla. May 4, 2017). The Court subsequently dismissed the first amended complaint, a decision that was upheld on appeal. *See Gottlieb v. SEC*, No. 17-13188, ECF No. 22 (11th Cir. July 23, 2018).

>Enterprise Services Center
>Accounts Receivable Branch
>HQ Bldg., Room 181, AMZ-341
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169.

Such payment shall be accompanied by a cover letter identifying the case title and civil action number (*SEC v. Stewart, et al.*, Case No. 1:98-cv-02636-LAP), the name of this court (Southern District of New York), and the name of the defendant (Allen Gottlieb).

This is a final appealable order.

Dated: March 17, 2025
New York, New York

SO ORDERED:

_____
The Honorable Judge Preska
United States District Judge