UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Securities and Exchange
Commission,

                    Plaintiff,                98-CV-02636 (LAP)

    -against-                                 ORDER

George Wallace Stewart, et al.,

                    Defendants.

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of the following documents: (1) Mr. Eisemann's Rule 52(b) and 59(a) motions to reconsider the Court's March 17, 2025 order (dkt. nos. 608-613); (2) Mr. Gottlieb's pro se motion to vacate the Court's February 7, 2023 and March 17, 2025 orders (dkt. no. 614); (3) the SEC's opposition (dkt. no. 615); and (4) Mr. Eisemann's reply (dkt. no. 616).  For the reasons set forth below, all of the above motions are DENIED.

## I.   Background

The instant motions are the continuation of years of vexatious litigation by Mr. Gottlieb, which forced the Court to take the extraordinary measure of imposing a filing bar on Mr. Gottlieb in 2022.  (Dkt. no. 415).  The Court therefore assumes familiarity with the procedural history and facts of this case and only recounts those aspects that are relevant to the instant motions.

On January 15, 2003, this Court entered its Judgment finding that Mr. Gottlieb committed fraud in violation of Section 17(a) of

the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5 (the "Judgment").  (Dkt. no. 85.) The Judgment ordered Mr. Gottlieb to pay disgorgement and prejudgment interest totaling $2,005,443.54.  In addition, the Judgment imposed a civil penalty on Mr. Gottlieb in the amount of $787,333.  (Id.)  In the two decades since the Judgment, Mr. Gottlieb has made no voluntary payments to the SEC.  Yet Mr. Gottlieb and his family continue to own millions of dollars' worth of properties across the world, including a waterfront property in the Bahamas.  (Dkt. 433 at 3, 27.)

In July of 2015, seeking to execute on the Judgment, the SEC served a restraining notice on the First American Title Insurance Company ("First American"), which was involved in the sale of the Mr. Gottlieb's former home located at 3234 NE 211 Terrace, Aventura, Florida 33180 (the "Aventura Property").  After Mr. Gottlieb and his wife sold the Aventura Property, First American retained the proceeds (the "Proceeds") from the sale and deposited the Proceeds in this Court's Registry.  (Dkt. No. 290.)

On April 13, 2021, Mrs. Gottlieb filed a motion (the "Turnover Motion") to compel First American to release all or a portion of the funds to her on the basis that Mrs. Gottlieb held an interest in the Aventura Property that was exempt from judgment execution. (Dkt No. 319.)  Mr. Eisemann, in turn, sought a portion of Mrs.

Gottlieb's claimed share of the Proceeds to satisfy a $74,115.69 attorney's lien asserted by Mr. Eisemann arising from his prior representation of the Gottliebs. (Dkt. no. 557.) Years of briefing followed.

After carefully considering the parties' arguments, the Court held a hearing on February 10 and February 11, 2025 (the "February Hearing"). At the February Hearing, the parties were permitted to present evidence on the dollar value of Mrs. Gottlieb's claimed contributions to the Gottlieb family and any corresponding interest that she would hold in the Aventura Property. (Dkt. no. 433 at 22.)

Mrs. Gottlieb and Mr. Gottlieb each testified at the February Hearing. In addition, Mr. Eisemann called an expert witness, John Romley, to estimate the market value of Mrs. Gottlieb's home care contributions to the Gottlieb family. Specifically, the Court permitted Mr. Romley to testify to the "replacement cost" of Mrs. Gottlieb's care for the Gottliebs' son or the cost of what a professional performing a similar caregiving service would have earned. (Dkt. no. 575 at 2.)

After two days of testimony, this Court made a factual finding that Mr. Gottlieb was the exclusive equitable owner of the Aventura Property and therefore the equitable owner of the entirety of the Proceeds. (Dkt. no. 603 at 163.) In addition to rejecting Mrs. Gottlieb's testimony as generally non-credible, the Court rejected

3

the reliability of Mr. Romley's methodology for valuing Mrs. Gottlieb's claimed contributions. (Id. at 167, 169.) Accordingly, on March 17, 2025, the Court entered an order authorizing the disbursement of the entirety of the Proceeds to the SEC to partially satisfy the Judgment entered against Mr. Gottlieb, after deducting $40,000 in fees due to First American. (Dkt. no. 606.)

Following the Court's March 17, 2025 order, Mr. Eisemann filed a motion pursuant to Federal Rules of Civil Procedure 52(b), 59(a)(1)(B) and 59(a)(2) requesting that the Court reverse its finding and enter a new order finding that Mrs. Gottlieb held a financial interest in the Proceeds of at least $74,115.69. (Dkt. no. 612.) Mr. Gottlieb then filed his own pro se motion to vacate the Court's February 7, 2023 and March 17, 2025 rulings. (Dkt. no. 614.)

## II. DISCUSSION

As a threshold matter, while framed as Rule 52 and 59 motions, Mr. Eisemann's motions are in fact motions for reconsideration, which are governed by Rule 6.3 in this district. Hurlock v. Kelsier Labs, LLC, No. 1:25-CV-03891 (JLR), 2025 WL 3041917, at *1 (S.D.N.Y. Oct. 31, 2025). And while Mr. Gottlieb's motion cites no legal basis in any Federal Rule of Civil Procedure, the Court will liberally construe Gottlieb's motion as seeking reconsideration in that the motion asks the Court to "revisit the evidence and reverse the rulings." (Dkt. no. 614 at 6-7.)

4

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). The decision to grant or deny a motion for reconsideration therefore rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotations and citations omitted). Accordingly, in this jurisdiction, motions to reconsider are generally denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Nakshin v. Holder, 360 F. App'x 192, 193 (2d Cir. 2010) (citation omitted).

Mr. Eisman and Mr. Gottlieb's motions identify none of these bases for reconsideration. Instead, Mr. Eisemann and Mr. Gottlieb's motions merely recycle arguments already made and "relitigate . . . issue[s] already decided." In re Eur. Gov't Bonds Antitrust Litig., No. 19 CIV. 2601 (VM), 2022 WL 2168358, at *3 (S.D.N.Y. June 16, 2022). To the extent that the parties raise

5

any new evidence, Mr. Eisemann points to a revised declaration submitted by Mr. Romley. (Dkt. no. 609.) But the Court has already explained why it found Mr. Romley's methodology to be unreliable. In his revised declaration, Mr. Romley does little more than "respond to the Court's statements" and rehash his prior testimony. (Dkt. no. 609-2 at 1.) In any event, none of Mr. Romley's responses is persuasive because they do not cure the structural flaws in Mr. Romley's testimony, which the Court already found was "not based on sufficient facts and data and not the product of reliable principles and methods" for the reasons so stated. (Dkt. no. 603 at 166.)

## III. Conclusion

For the foregoing reasons, Mr. Eisemann and Mr. Gottlieb's motions are DENIED.

For nearly thirty years, Mr. Gottlieb has consumed sparse judicial resources through his personal hobby of vexatious litigation. The Court has taken pains to permit Mr. Gottlieb to have his day (and in fact, decades) in court to challenge the 2003 judgment against him. But the Court's patience has worn thin. The Court has repeatedly reminded Mr. Gottlieb that he is barred from filing any further papers in this matter unless they are "(1) expressly ordered by this Court or (2) addressed to the Court of Appeals." (Dkt. nos. 415, 606.) Nonetheless, Mr. Gottlieb

6

continues to circumvent his filing bar.  See, e.g. dkt. no. 629 (December 30, 2025 submission addressed to Pro Se Intake Unit).

If Mr. Gottlieb continues to defy his filing bar, the Court shall hold Mr. Gottlieb in civil contempt and impose a fine on Mr. Gottlieb for each filing made in violation of this Court's order.[1] And should Mr. Gottlieb willfully flout any court order or attempt unlawfully to evade enforcement of the Judgment, the Court reserves the right to refer Mr. Gottlieb to the appropriate United States Attorney or appoint private counsel to prosecute Mr. Gottlieb for criminal contempt.

The Clerk of the Court shall close dkt. nos. 608 and 614 and mail a copy of this order to Mr. and Mrs. Gottlieb.  Furthermore, the Clerk of the Court shall strike dkt. nos. 629, 630, and 631 from the docket.

**SO ORDERED.**

Dated:      New York, New York
            January 13, 2026

_Loretta A Preska_
LORETTA A. PRESKA
United States District Judge

---

[1] Mr. Gottlieb has also persisted in his longstanding campaign to "inundate the courthouse and chambers with mailings," in addition to his filings.  (Dkt. no. 551.)  In accordance with its prior order, the Court "will not consider the substance of any missives beyond the scope permitted by his filing bar, even if they appear on the electronic docket, and they will have no legal effect on these proceedings," (id.), and any further filings made without leave of this Court shall be stricken from the docket.

7